150

## Public Utility Repairs

JOHN D. KILLIAN, 3d, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, July 11, 1958.—You have requested an opinion from this department interpreting section 1008 (d) of The Vehicle Code [1] which provides:

"The driver of a vehicle shall not overtake or pass, or attempt to pass, any other vehicle, proceeding in the same direction, between any points indicated by the placing of official temporary warning or caution signs indicating that men are working on the highway."

You ask whether the provisions of this section apply to signs placed on a highway by public utility companies and, if so, whether such signs may be placed where public utility workmen are working aloft on utility lines running parallel or perpendicular to such highway.

Section 1105 of The Vehicle Code [2] gives the Secretary of Highways authority over the type, installation, location, operation and maintenance of all traffic signs, signals and markings on Commonwealth highways

---

[1] The Act of May 1, 1929, P. L. 905, as amended, 75 PS §543 (d).
[2] Ibid., 75 PS §681.

and provides that only those signs, signals and markings which conform to uniform regulations promulgated by the Secretary of Highways shall be regarded as official. Section 1107 of The Vehicle Code[3] prohibits unauthorized persons from erecting or maintaining any sign in imitation of, or similar to, any official sign upon or along any highway. Section 1114 of The Vehicle Code[4] declares it unlawful for any person to use any sign, signal or marking unless it is of a type submitted to the Secretary of Highways for test and for which a certificate of approval has been issued.

Section 411 of the State Highway Law[5] requires public utility companies to obtain a permit from the Secretary of Highways before placing lines, poles or other structures upon, over, under or in any portion of a State highway. The placing of such lines, et cetera, and, by implication, the inspection, repair and maintenance thereof, is allowed under this section only under such conditions, restrictions and regulations, and subject to the payment of such fees for permits as may be prescribed and required by the department. Pursuant to this authority, the department has promulgated Form 945-B (General Provisions and Specifications). Clause 3 of Form 945-B reads in pertinent part:

". . . Operation must be conducted at all times to permit safe and reasonable free travel over the roads within the limits of the work herein prescribed. All safety provisions for the free movement of traffic shall be provided by the permittee."

Since a violation of section 1008(d) of The Vehicle Code cannot be based on a private utility's view of what is reasonable, however, it is necessary that the Department of Highways implement this regulation

---

[3] Ibid., 75 PS §683.
[4] Ibid., 75 PS §714.
[5] The Act of June 1, 1945, P. L. 1242, 36 PS §670-411.

152

in each case by specifying where the official signs shall be placed.

In view of the above provisions, it is our opinion and you are, therefore, accordingly advised that: (1) The Secretary of Highways may permit public utility companies to erect utility lines over State highways and authorize such companies to enter upon State highways for the purpose of inspection, maintenance and repair of such lines; (2) temporary warning or caution signs used by public utility companies must be official signs, authorized and approved by the Secretary of Highways; (3) such official signs may be used when public utility workmen are working aloft on utility lines running either parallel or perpendicular to the State highway; and (4) when such official signs are placed upon a State highway, pursuant to the regulations of the Department of Highways and at places designated by the Department of Highways, the provisions of section 1008($d$) of The Vehicle Code are applicable.