Commonwealth *v.* Agulnick, Appellant.

Argued March 22, 1976. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William J. Ward*, with him *Agulnick, Talierco, McShane & Supplee*, for appellant.

No appearance entered nor brief submitted for Commonwealth, appellee.

OPINION BY JACOBS, J., June 28, 1976:

Appellant Ronald M. Agulnick brings this appeal

from his conviction, on October 9, 1976, of violation of §1008(d) of The Vehicle Code.[1] Appellant's sole claim is that the Commonwealth's evidence was not sufficient to establish a violation of that section. We agree and reverse the judgment of sentence entered below.

On May 19, 1975 appellant was issued a citation by the Pennsylvania State Police on the Pennsylvania Turnpike for passing "in an area where temporary warning signs were placed," in violation of The Vehicle Code, §1008(d). He appeared on May 23, 1975 before Justice of the Peace CASSEL and entered a plea of not guilty. On July 17, 1975, following the granting of two continuances requested by appellant, a hearing was held at which he was found guilty. Appeal was then taken to the Court of Common Pleas of Lancaster County. The case was heard by President Judge JOHNSTONE and appellant was again found guilty. The instant appeal was taken following the imposition of sentence, which consisted of a fine of ten dollars.

Appellant's specific contention on appeal to this Court is that the Commonwealth did not, by the evidence presented, establish a violation of §1008(d) of The Vehicle Code because it did not show that the temporary warning signs placed in the area where he passed a tractor and trailer were *official* signs, as required by that section. The Vehicle Code, Act of April 29, 1959, P.L. 58, §1008(d), 75 P.S. §1008(d) (1971) provides that "[t]he driver of a vehicle shall not overtake or pass, or attempt to pass, any other vehicle, proceeding in the same direction, between any points indicated by the placing of official temporary warning or caution signals indicating that men are working on the highway."

The evidence presented at appellant's hearing before the court below, viewed in a light most favorable to the Commonwealth, established the following. Appellant was

---

1. Act of April 29, 1959, P.L. 58, §1008(d), 75 P.S. §1008(d) (1971).

proceeding east on the Pennsylvania Turnpike when he passed a sign reading "CAUTION, CONSTRUCTION AHEAD TWO MILES". He thereafter proceeded for approximately four to five miles. Along this route temporary signs were placed reading "DO NOT PASS" and "KEEP RIGHT". The westbound lane of the turnpike was closed and the eastbound lane was carrying traffic in both directions. There were no other construction warning signs after the sign reading "CAUTION, CONSTRUCTION AHEAD TWO MILES". However, the road was marked with the aforementioned no passing signs, located 200 to 300 feet apart. At the end of area marked "DO NOT PASS" and "KEEP RIGHT" there was a sign which read "END CONSTRUCTION". At a point located approximately four to five miles from the initial sign, appellant, while followed by a Pennsylvania State Policeman, passed a tractor-trailer. No traffic was at that time proceeding in a westerly direction and appellant's visibility was sufficient to allow the pass. The place at which the pass was made was five-tenths of a mile east of the nearest "DO NOT PASS" and "KEEP RIGHT" sign.[2]

At the conclusion of the Commonwealth's case appellant demurred to the evidence on the ground that there was no testimony that the signs were official signs or that they were approved by the Secretary of Highways.[3] Appellant also claimed that the signs did not

---

2. Appellant's testimony was as follows: "I was following a tractor-trailer and the exhaust was making me nauseous frankly and the trooper's car was right behind me. I saw him there. There is no question that he was directly behind me. And, when it seemed that the traffic opened back out again and there were no signs to the contrary, I then passed the tractor-trailer. There was no traffic coming. I had a clear vision ahead and I assumed it was just ordinary traffic back on the turnpike again."

3. Appellant also argued that the evidence produced appeared to be more relevant to a charge of violation of §1008(e) of The Vehicle Code, which relates to passing in a "no passing zone". He reasoned that the signs which were actually placed near the point of the alleged infraction did not warn of men working on the highway, but that they

indicate that men were working on the roadway. Appellant's demurrer was overruled and he proceeded with his case, after which he moved for judgment and was again overruled. We hold that the lower court erred in overruling appellant and that the Commonwealth failed to sustain its burden of proof. The burden was on the Commonwealth to prove that the "CAUTION, CONSTRUCTION AHEAD TWO MILES", the "DO NOT PASS" and the "KEEP RIGHT" signs were official signs authorized and approved by the Secretary of Highways for the purpose of indicating that men were working on the highway. As was correctly noted in *Commonwealth v. Anderson*, 21 Beaver 167, 170 (Pa. C.P. 1959): "[t]his is one of the material parts of the Commonwealth's case. If it fails to prove that the signs were official and that they were approved by the Secretary of Highways its case fails. It is not sufficient to prove merely that there were some makeshift signs along the highway ...." *See also, Public Utility Repairs*, Attorney General's Opinion, reported at 16 Pa. D. & C.2d 150 (1958).[4]

---

did warn that passing was prohibited. However, appellant also argued to the lower court, as he does in his brief here, that although the proofs were more closely applicable to a charge of passing in a "no passing zone", the testimony did not establish a violation of §1008(e) either because there was no evidence of compliance with §1113 of The Vehicle Code (dealing with the procedure for establishing a "no passing zone".). We agree.

4. Appellant not only argues that the Commonwealth *failed to show* that the signs were official, but also that they were, in fact, *not official.* In view of our decision that the lack of *any* showing of the official nature of the signs was fatal to the Commonwealth's case, whether they were in fact official or not is of no moment. However, we are in agreement with appellant that the signs were not in fact official. In support of this proposition appellant has directed our attention to 67 Pa. Code CH. 23, Annex A. That section of the Pennsylvania Code is entitled "Regulations Governing the Design, Location and Operation of All Official Traffic Signs, Signals and Markings Along Highways Within the Commonwealth of Pennsylvania, Subchapter D. Warning Signs, Subchapter E. Construction and Maintenance Guide Signs."

Because the Commonwealth failed to establish that the signs in question were official signs, no violation of §1008(d) of The Vehicle Code was shown and appellant should have been discharged.[5]

Judgment reversed.

CERCONE, J., concurs in the result.

---

Appellant points out that, of the signs described by the Commonwealth's witnesses, only the "END CONSTRUCTION" sign is officially recognized as an authorized warning sign for construction activities. Official signs described in 67 Pa. Code CH. 23.571 *et seq.* which appear to be applicable to warn of men working on the roadway include: "WORK AREA", "WORK AREA NEXT __ MILES", "ROAD CONSTRUCTION NEXT __ MILES", "WORK AREA AHEAD", "ROAD CONSTRUCTION __", "END CONSTRUCTION" and "END WORK AREA" signs. There was no evidence offered by the Commonwealth to show that appellant passed the tractor-trailer between points marked by these or other official signs. *See generally* 67 Pa. Code CH. 23.571 *et seq.*, as set out in Volume 5, Pennsylvania Bulletin at 1017 *et seq.* (May 3, 1975).

5. We note that our considerations on this case have been made, regretfully, absent the benefit of an opinion of the court below. We further note that the District Attorney for Lancaster County who tried the case below has not seen fit to file a brief on behalf of the Commonwealth in this Court. We express our disapproval of this situation emphatically, as has our Supreme Court in the recent past. *See Commonwealth v. Petrakovich*, 459 Pa. 511, 517 n.2, 329 A.2d 844, 847 n.2 (1974); *Commonwealth v. Diana*, 455 Pa. 267, 269 n.*, 314 A.2d 262, 263 n.* (1974).

---

DISSENTING OPINION BY PRICE, J.:

I must respectfully dissent. The majority derives its definition of "official" as used in 75 P.S. §1008(d),[1] from 75 P.S. §1105(a),[2] which provides in pertinent part: "The Secretary of Highways of this Commonwealth shall forthwith make and publish regulations for the design ... of all official traffic signs...." However, because the offense occurred on the turnpike, I believe 75 P.S. §1036(a)[3] is a more appropriate section to be applied in

---

1. Act of April 29, 1959, P.L. 58, §1008 (75 P.S. §1008(d) ).
2. Act of April 29, 1959, P.L. 58, §1105 (75 P.S. §1105(a) ).
3. Act of April 29, 1959, P.L. 58, §1036 (75 P.S. §1036(a) ) *as amended.*

the instant case. This section provides in pertinent part: "The rules and regulations promulgated by the Pennsylvania Turnpike Commission governing the traffic upon any turnpike or highway under its supervision and control, shall become effective upon the publication thereof in accordance with law."

The record indicates that during the direct examination of one of the officers, the following testimony was given:

"Q. Are these signs official signs?
A. These signs were—
Mr. Ward: Objection, Your Honor.
The court: Overruled.
The Witness: These signs were erected by the Pennsylvania Turnpike. They have a yellow background with black lettering." (NT 18a)

This testimony, if believed, clearly indicated that the signs were those authorized by the Turnpike Commission to designate construction areas.

The officer stated that he had twenty-two years experience as a Pennsylvania State Policeman. The lower court could reasonably have concluded that an officer of such experience was competent to testify on the matter of these signs. *Cf. Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972).

I express no opinion concerning a similar occurrence on a state highway other than the turnpike and need not reach this question in the case at bar. However, under the present situation, I would affirm the judgment of sentence.

VAN DER VOORT, J., joins in this opinion.