366 A.2d 932

**COMMONWEALTH of Pennsylvania**

v.

**Bruce WEINSTEIN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided Dec. 15, 1976.

Rex Downie, Jr., Beaver Falls, for appellant.

W. Thomas Malcolm, Indiana, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant having been found guilty of violating Section 1002(b)(4) of The Vehicle Code,[1] i. e., speeding, appeals to this court raising several issues. We need only consider one of appellant's issues since he failed to raise the others in his post-verdict motions. *Commonwealth v. Coleman*, 458 Pa. 324, 327 A.2d 77 (1974).

Appellant argues that his conviction under Section 1002(b)(4) was improper because warning signs were not posted. This argument is based on the portion of Section 1002(b)(4) which states:

"An official sign shall be similarly placed one-eighth (⅛) of a mile before the beginning of the limited speed zone indicating the maximum speed to be observed in such limited speed zone."

Appellant's argument, however, is defeated by his own evidence. At the direction of his attorney appellant took photographs of all speed signs on the road in question. These photographs, which were admitted into evidence at appellant's request, show that appellant had passed four signs, each of which stated the speed limit was 35 miles per hour, before he was apprehended. Nevertheless appellant argues that the required warning signs were not posted. In order for appellant's argument to be successful we would have to find that the four speed limit signs which appellant's photographs clearly indicate were present were not warning signs within the meaning of Section 1002(b)(4). Such a finding would be unrealistic and unsupported by the evidence.

Neither can appellant's position be sustained on the basis of *Commonwealth v. Agulnick*, 240 Pa.Super. 603, 360 A.2d 724, (1976), as in that case the appellant argued that the temporary warning signs indicating that men were working on the highway were not official.

1. Act of April 29, 1959, P.L. 58, § 1002, as amended, 75 P.S. § 1002(b)(4).

This court held that because the Commonwealth failed to establish that the warning signs were official appellant should be discharged. In the instant case appellant made no such argument. Appellant does not question whether the 35-mile per hour signs were official, instead he argues that the 35-mile per hour signs were not "warning signs" as are required by Section 1002(b)(4). To raise, sua sponte, the question of whether the 35-mile per hour signs were official signs would clearly be improper. *Weigand v. Weigand*, 461 Pa. 482, 337 A.2d 256 (1975).

Furthermore, even if we were to assume appellant did raise the *Agulnick* argument, such argument would be patently frivolous in light of the photographs which were introduced into evidence. There could be no better proof that the signs in question were official than the pictures of those signs contained in this record.

Judgment affirmed.

SPAETH, J., concurs in the result.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge (dissenting):

Appellant contends that his conviction for speeding [1] must be reversed because the Commonwealth did not meet its burden of proving that official warning signs were posted one-eighth of a mile before the beginning of the limited speed zone as required by § 1002(b)(4) of the Motor Vehicle Code.

Appellant testified that no warning sign was posted at the beginning of the limited speed zone. The state police officer who testified at appellant's trial stated that he believed that the signs were properly posted but that he could not be sure because he had not checked.

---

1. Act of April 29, 1959, P.L. 58, § 1002; 1959, Nov. 19, P.L. 1531, § 1; 1961, April 28, P.L. 108, § 2; 1961, Aug. 23, P.L. 1118, § 2; 1965, Sept. 1, P.L. 458, § 1; 1966, Jan. 24, P.L. (1965) 1497, § 3; 1967, Oct. 25, P.L. 488, § 1; 1968, July 31, P.L. 1021, No. 302, § 1; 75 P.S. § 1002.

This Court has held that the Commonwealth bears the burden of proving that the required signs are properly posted. *Commonwealth v. Agulnick*, 240 Pa.Super. 603, 360 A.2d 724 (1976). Section 1002(b)(4) requires that an official warning sign be placed one-eighth of a mile before the beginning of a limited speed zone indicating the maximum speed to be observed in such limited zones.

Because the Commonwealth's evidence fails to establish that there has been compliance with § 1002(b)(4), I would reverse appellant's conviction for speeding. *Commonwealth v. Agulnick*, supra.