## Commonwealth *v.* Childers, Appellant.

Argued November 25, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Edmund G. J. Dale,* with him *Joseph I. Levy,* for appellant.

*Ephraim Lipschutz,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 4, 1943:

John Childers, appellant, was indicted and tried for the murder of one Joseph Dowshen. The jury returned a verdict of guilty of murder in the first degree and fixed the penalty at death. A new trial was refused, sentence of death was imposed, and this appeal was then taken.

The commonwealth's evidence, consisting of written confessions signed by appellant and the testimony of eyewitnesses, establishes the following facts: On March 25, 1942, at 9:30 p.m., the appellant, armed with a loaded revolver, entered the grocery store of Joseph Dowshen, located at 5945 Race Street, Philadelphia, for the express purpose of committing a robbery. Finding nobody in the store, appellant proceeded to the cash register and was in the act of rifling it when he was surprised by Dowshen, who entered the store from his living quarters at the rear. Appellant stated to Dowshen "this is a holdup" or "this is a stickup", and when Dowshen came towards him he fired a shot which lodged in Dowshen's stomach. Appellant was overpowered by a son of Dowshen, an eyewitness to the shooting, and others who were attracted to the scene, and Dowshen was removed to a hospital where he died from the gunshot wound later the same day. Appellant did not take the stand at the trial in the court below and presented no evidence whatever in defense of the charge, other than

the testimony of two witnesses called to establish that he bore a reputation for being "a peaceful, law-abiding citizen."

The sole question presented by the appeal is stated by appellant as follows: "On a charge of murder in the first degree is it reversible error for the trial judge to fail to point out to the jury evidence of good character or good reputation as mitigating circumstances in fixing the penalty?" It is conceded that the trial itself was wholly free of any error which might have prejudiced the rights of appellant, and no complaint is made of the charge of the learned trial judge except in the one particular that he did not expressly refer to appellant's character evidence in connection with that portion of his charge concerning the function of the jury to choose a sentence of either death or life imprisonment after agreeing upon a verdict of murder in the first degree— a duty devolving upon the jury by virtue of the Act of May 14, 1925, P. L. 759, as restated without substantial change by the Act of June 24, 1939, P. L. 872, section 701.

We all agree that the single assignment of error must be overruled. On the question of penalty, the trial judge fully instructed the jury as to its responsibility in the event appellant was found guilty of murder in the first degree, stating "You have the right to do one of two things, and it is only your right, it is only your power— you can either find this man guilty of murder in the first degree and fix the penalty at death, or you can find him guilty of murder in the first degree and fix the penalty at life imprisonment"; the jury was specifically instructed as to the necessity for "care, caution and courage" in the exercise of this duty; and, in language unmistakably applicable as well to the question of punishment as to the determination of guilt or innocence, the jurors were admonished that they must "carefully consider *all the evidence* and reach a just and proper determination under your oath of office." At this point the trial judge might properly have referred specifically

to the character evidence, or any other information brought out about appellant at the trial, but he was not bound to do so in the absence of any request to that effect at the conclusion of the charge, and especially is this so since in an earlier portion of the charge he had already referred to the character evidence at length. In *Commonwealth v. Gable*, 323 Pa. 449, it was urged that a new trial should be granted on the ground, among others, that the trial judge instructed the jury it was their duty to find the defendant guilty of murder in the first degree with the death penalty, if they believed the evidence of the commonwealth, without at that specific time referring to defendant's evidence of insanity. A new trial was refused and on appeal this Court affirmed, saying (p. 453): "As to the second question stated, that the trial judge did not expressly refer to the defense of insanity in connection with his review of the Commonwealth's evidence, and his instruction that if the jury believed it, their duty was to find a first degree verdict with the death penalty, it is sufficient to say that a reading of the charge shows full instructions on the insanity defense. A court cannot be convicted of error in the order in which it gives a jury instructions, provided the instructions are adequate when announced." And see also *Commonwealth v. Meyers*, 290 Pa. 573, where it was said, at p. 581: "The Act of 1925 permits the jury to fix life imprisonment as the punishment for murder of the first degree; the trial judge read the act, the jury thoroughly understood they could fix life imprisonment and no further explanation was necessary." In any event, we are satisfied that appellant's rights were not prejudiced in any way by the alleged omission; and counsel for appellant was apparently likewise so satisfied, else he would have requested additional instructions. The evidence given by appellant's two witnesses as to good reputation, like that submitted by the defendant in *Commonwealth v. Caraffa*, 222 Pa. 297, "was so meager that the mention of it would have but empha-

sized its meagerness" and, hence, it could not be accounted reversible error if the trial judge, in his charge, had made no reference to it at all.

We have carefully reviewed both the evidence and the law, as is our duty on all appeals of this character (Act of February 15, 1870, P. L. 15), and find that the record discloses all the ingredients necessary to constitute murder in the first degree.

The trial was eminently fair, the verdict was fully warranted by the undisputed evidence and, considering the atrocity of the offense, the death penalty was appropriate.

Judgment and sentence affirmed and record remitted for the purpose of execution.