## Commonwealth *v.* Lowery, Appellant.

Submitted January 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*C. Barry Buckley,* for appellant.

*A. Thomas Parke, III,* Assistant District Attorney, and *Norman J. Pine,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1970:

Thomas Lowery entered a plea of guilty to a general charge of murder in 1956. A 1958 degree of guilt hearing resulted in a determination that he had committed murder in the first degree, and a sentence of life imprisonment was imposed shortly thereafter. In 1967 Lowery filed a PCHA petition which averred, inter alia, that he had not been advised of his right to appeal, that his confession had been coerced, and that his guilty plea had not been voluntary. Counsel was appointed and an evidentiary hearing resulted in the issuance of an order permitting Lowery to appeal his conviction "nunc pro tunc." This appeal followed.

This case should not be before this Court in its current posture, since Lowery's claim with respect to his confession and plea present questions of fact which are unresolved in the record now before us. See *Commonwealth v. Naylor,* 437 Pa. 193, 262 A. 2d 146 (1970).

When it is found in the course of a PCHA proceeding that a petitioner has been deprived of his right to appeal from a conviction based upon a guilty plea, the PCHA court should usually proceed to hear and decide all of the petitioner's other claims since there generally can be no appropriate claim of error which is not cognizable in the PCHA proceedings. The general rule is inapplicable, however, in one instance: where the conviction is for murder in the first degree. In those cases the petitioner may wish to contest the sufficiency

of the evidence introduced by the Commonwealth to raise the offense to murder in the first degree. Since this claim is not constitutional, and therefore not appropriately raised in PCHA proceedings, the proper disposition upon a finding that there has been a denial of the right to appeal is to permit the petitioner to file post-trial motions. The court which receives the post-trial motions, after holding a hearing on any claim which presents an issue of fact can then proceed to dispose of the case. See *Commonwealth v. Musser*, 437 Pa. 131, 262 A. 2d 678 (1970). Only then, after any necessary hearings have been held and after all issues have been decided, is an appeal appropriate.

Case remanded for further proceedings consistent with this opinion.