## Commonwealth *v.* Abel, Petitioner.

Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John A. O'Brien,* for appellant.

*Theodore A. Parker,* First Assistant District Attorney, and *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, May 6, 1970:

On February 23, 1968, petitioner entered pleas of guilty to armed robbery, assault and battery, aggravated assault and battery with intent to kill, violation of the Uniform Firearms Act and conspiracy. Sentence was imposed following a full on-the-record colloquy, with petitioner represented by counsel. No appeal was taken. In November of 1968 petitioner filed a petition pursuant to the Post Conviction Hearing Act alleging, inter alia, that his plea of guilty "was a nullity in that it was predicated on his lack of mental capacity to understand his position." The hearing court denied relief without appointing counsel or holding an evidentiary hearing. Counsel was appointed to prosecute an appeal to the Superior Court, which affirmed per curiam without opinion. Petitioner now seeks allocatur.

It is clear that petitioner was entitled to a hearing with counsel on his petition. A plea entered by a defendant without the mental capacity to understand his position is not a knowingly and intelligently entered plea, and is therefore subject to collateral attack. *Commonwealth ex rel. Hilberry v. Maroney,* 417 Pa. 534, 544, 207 A. 2d 794, 799 (1965). Thus petitioner has alleged facts which, if true, will entitle him to relief. Further, it cannot be said that his claim is patently frivolous, particularly in view of petitioner's assertion that he had previously been committed to a mental in-

stitution on three separate occasions. Accordingly, petitioner must now be granted an evidentiary hearing, with counsel. Post Conviction Hearing Act §9, 19 P.S. §1180-9 (Supp. 1969) ; Pa. R. Crim. P. 1503, 1504.

The petition for allocatur is granted, the order of the Superior Court is reversed, the order of the hearing court is vacated, and the case remanded to the Court of Common Pleas of Lancaster County for further proceedings consistent with this opinion.