Commonwealth *v.* Hackett, Appellant.

Submitted March 17, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Richard M. Lovenwirth,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf* and *Paul W. Tressler,* Assistant District Attorneys, *Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., May 21, 1970:

Appellant pleaded guilty to indictments charging him with burglary, larceny, receiving stolen goods, and conspiracy to commit these offenses. The trial judge conducted an extensive colloquy with appellant with regard to his plea. Following sentence, appellant took no appeal therefrom.

Appellant filed a Post Conviction Hearing Act petition, alleging only that he was denied his right of appeal, without indicating what grounds he would pursue on appeal. After argument by counsel, but without hearing appellant, the court denied the petition.

Appellant's right to appeal should not be the question before this Court. When a prisoner files a PCHA petition, following judgment of sentence on a guilty plea to a crime other than felonious homicide, all grounds of attack upon his plea must be made in the PCHA petition. *Commonwealth v. Lowery,* 438 Pa. 89, 263 A. 2d 332 (1970) ; *Commonwealth v. Naylor,* 437 Pa. 193, 262 A. 2d 146 (1970). An unschooled prisoner cannot be expected to be aware of such a requirement. Hence, the court should have granted leave to amend the petition, so that the prisoner could allege the errors he would have alleged had he been granted an appeal.

Post Conviction Hearing Act, §7, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-7 (Supp. 1970).

The fact that an extensive colloquy was conducted before the plea does not foreclose appellant from alleging errors that may lie beneath the surface of the record. Many factors may have influenced appellant which even an extensive colloquy could not ascertain. Cf. *Commonwealth v. Abel,* 438 Pa. 423, 265 A. 2d 374 (1970).

The order of the PCHA court denying appellant a right to appeal *nunc pro tunc* is affirmed without prejudice to appellant's filing an amended PCHA petition attacking his plea on the merits.