Commonwealth *v.* Williams, Appellant.

Submitted March 19, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

356

*Daniel C. Barrish,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf* and *Paul W. Tressler,* Assistant District Attorneys, *Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, May 21, 1970:

Appellant pleaded guilty, was sentenced, and failed to appeal. He filed a PCHA petition, alleging he was denied his right of appeal. The PCHA court entered an order, granting appellant a right to appeal *nunc pro tunc,* it being admitted appellant did not competently and knowingly forego appeal.

"When it is found in the course of a PCHA proceeding that a petitioner has been deprived of his right of appeal from a conviction based upon a guilty plea, the PCHA court should usually proceed to hear and decide all of the petitioner's other claims since there generally [except in murder cases] can be no appropriate claim of error which is not cognizable in the PCHA proceedings": *Commonwealth v. Lowery,* 438 Pa. 89, 263 A. 2d 332 (1970). In such cases, the PCHA court should permit an amended petition, setting forth all claims petitioner wishes to raise with respect to his conviction and sentence, and proceed to hear them if nonfrivolous and not clearly refuted by the record.

Order reversed and record remanded for proceedings consistent with this opinion.