Commonwealth *v.* Armstead, Appellant.

120

Submitted June 8, 1970. Before WRIGHT, P. J., WAT-
KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and
CERCONE, JJ.

*Thomas E. Duffy,* Assistant Public Defender, for ap-
pellant.

*Stewart J. Greenleaf* and *Paul W. Tressler,* Assist-
ant District Attorneys, *Parker H. Wilson,* First Assist-
ant District Attorney, and *Milton O. Moss,* District At-
torney, for Commonwealth, appellee.

OPINION PER CURIAM, August 6, 1970:
Appellant pleaded guilty, was sentenced, and did
not appeal. His PCHA petition alleged denial of his
constitutional right to representation by competent
counsel "when entering plea of guilty", and denial of
his appeal right. In substance, the petition attacks the
validity of the guilty plea. The PCHA court entered
an order granting appellant the right to appeal *nunc
pro tunc.*
"When it is found in the course of a PCHA pro-
ceeding that a petitioner has been deprived of his right

of appeal from a conviction based upon a guilty plea, the PCHA court should usually proceed to hear and decide all of the petitioner's other claims since there generally [except in murder cases] can be no appropriate claim of error which is not cognizable in the PCHA proceedings": *Commonwealth v. Lowery,* 438 Pa. 89, 263 A. 2d 332 (1970); *Commonwealth v. Williams,* 216 Pa. Superior Ct. 355, 267 A. 2d 880 (1970). In such cases, the PCHA court should permit an amended petition, setting forth all claims petitioner wishes to raise with respect to his conviction and sentence, and proceed to hear them if nonfrivolous and not clearly refuted by the record.

Order reversed and record remanded for proceedings consistent with this opinion.