Commonwealth *v.* Robinson, Appellant.

Submitted September 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*H. David Rothman,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, April 22, 1971

On February 26, 1963, appellant, while represented by appointed counsel, pleaded guilty to murder generally. He was found guilty of murder in the first degree and sentenced to life imprisonment. No post-trial motions were filed, nor was an appeal taken.

On December 11, 1968, appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1, as amended, 19 P.S. §1180-1, on the grounds (1) that his attorney induced his plea, (2) that his attorney was ineffective, and (3) that he was denied his right to appeal. The petition was dismissed after an evidentiary hearing at which petitioner was represented by the Public Defender. This appeal followed.

At the post-conviction hearing the petitioner testified that he had not been informed of his right to appellate review, and his trial counsel testified that he could not recall advising the defendant of his right to appeal. The court made no specific finding on this

point, but denied the requested relief on the ground that in light of the guilty plea, the only issues which could be raised on appeal were the voluntariness of the plea and the lawfulness of the sentence imposed. The court, having found that the plea was voluntary and that the life sentence was legal, concluded, "We find nothing from which petitioner can appeal. He may nevertheless appeal from this decision and thus protect his right."[1]

In so holding the learned trial court inadvertently overlooked the important distinction, insofar as appeal rights are concerned where a defendant has pleaded guilty to murder generally, between a conviction of murder in the first degree and a conviction of murder in the second degree. While in the latter case it is quite true that the voluntariness of the guilty plea and the legality of the sentence are the only matters susceptible of challenge on appeal, where the conviction is murder in the first degree not only those elements but the sufficiency of the evidence which raised the crime from second to first degree murder may also be tested. *Commonwealth v. Dillinger,* 440 Pa. 336, 269 A. 2d 505 (1970) ; *Commonwealth v. Zaffina,* 432 Pa. 435, 248 A. 2d 5 (1968) ; *Commonwealth v. Walters,* 431 Pa. 74, 244 A. 2d 757 (1968) ; *Commonwealth v. Stokes,* 426 Pa. 265, 232 A. 2d 193 (1967) ; *Commonwealth v. Childers,* 346 Pa. 258, 262, 29 A. 2d 471 (1943).

The record of the PCHA hearing leaves no doubt that the Commonwealth did not carry its burden to

---

[1] The hearing court did, however, find that although "the technical finding of first degree murder" and the life sentence based thereon were proper, "The elements of the crime committed would seem to warrant a lesser sentence." The court therefore recommended early consideration of the case by the Pardon Board with a view to commutation of the sentence to a sentence of 10 to 20 years.

prove that petitioner had not been denied his right to appeal and his right to free counsel on appeal if indigent. *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968), *Commonwealth v. Ezell,* 431 Pa. 101, 244 A. 2d 646 (1968). We must, accordingly, reverse the order dismissing the petition and allow petitioner, if he wishes, to take a direct appeal to this Court from the judgment of sentence. In view of this disposition of the case, it is not necessary to pass upon the other two grounds for relief raised in the PCHA petition.

The order of the court below is reversed and the appellant's right to appeal from the judgment of sentence, *nunc pro tunc,* with free counsel if indigent, is hereby confirmed. The case is remanded for the filing of such post-trial motions as may be deemed appropriate within 10 days from the date of the entry of this order.[2]

Mr. Justice COHEN took no part in the decision of this case.

---

[2] We find that there has been some confusion both in the mandates of this Court and the practice in the various trial courts as to whether appeals from convictions of murder in the first degree which followed from a plea of guilty to murder generally should be taken directly from the judgments of sentence to this Court, or should be preceded by post-trial motions filed and disposed of in the trial court, with the appeal then being from the denial of such motions. Compare, e.g., *Commonwealth v. Waters,* 441 Pa. 511, 273 A. 2d 329 (1971) with, e.g., *Commonwealth v. Taylor,* 439 Pa. 321, 266 A. 2d 676 (1970) ; see also *Commonwealth v. Dillinger,* 440 Pa. 336, 269 A. 2d 505 (1970) ; *Commonwealth v. Faison,* 437 Pa. 432, 436 n.4, 264 A. 2d 394 (1970). We have concluded that the preferable practice, since it may narrow the issues on appeal or perhaps obviate an appeal entirely, is to file post-trial motions in any first degree case where error is asserted, whether the conviction follows a full trial or only a degree of guilt hearing held after a plea of guilty.