Commonwealth v. Smulek, Appellant.

278

Submitted April 19, 1971. Before Bell, C. J., Jones, Eagen, O'Brien, Roberts, Pomeroy and Barbieri, JJ.

*Frank J. McDonnell,* Assistant Public Defender, for appellant.

*Paul R. Mazzoni,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Pomeroy, December 20, 1971:

On March 10, 1967, following a plea of guilty, a court *en banc* found the appellant, Carl Joseph Smulek, guilty of murder in the first degree for the slaying of his former wife's father, and sentenced him to life imprisonment. No post-trial motions were filed and no appeal was taken. Subsequently, a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1, 19 P.S. 1180-1, was filed alleging the improper inducement of his guilty plea and the denial of his right to appeal. The post conviction court dismissed the petition after an evidentiary hearing, and on appeal this Court affirmed, *per curiam,* without opinion. *Commonwealth v. Smulek,* 434 Pa. 559, 252

A. 2d 199 (1969).[1] Petitioner was represented by counsel throughout these proceedings.

Appellant then commenced the present proceeding, an action captioned "Petition for Reconsideration of Sentence Under Habeas Corpus".[2] His basic contention is that the trial court at the degree of guilt hearing acted unconstitutionally in accepting the Commonwealth's version of the hotly contested facts. The only real challenge, however, is to the sufficiency of the evidence. After a new hearing, two judges of the lower court, sitting *en banc,* dismissed the petition, holding that appellant was not entitled to relitigate issues already adjudicated. This appeal followed and we affirm.

For two reasons we agree that appellant is now foreclosed from questioning the sufficiency of the evidence. First, its caption as a form of "habeas corpus" aside, the instant petition is governed by the Post Conviction Hearing Act, *supra.* Since, however, the issue of sufficiency does not rise to constitutional stature, it is not cognizable in a PCHA proceeding. *Commonwealth v. Lowery,* 438 Pa. 89, 263 A. 2d 332 (1970); *Commonwealth v. Musser,* 437 Pa. 131, 262 A. 2d 678 (1970).[3]

---

[1] The facts of the case are recited in detail in the opinion of the lower court: *Commonwealth v. Smulek,* 69 Lacka. 176 (1968).

[2] Appellant's petition is self-prepared, handwritten, and 38 pages in length. Counsel to represent petitioner was appointed ten days after filing of the petition, and has filed a brief in connection with this appeal.

[3] In this respect, the Post Conviction Hearing Act has not altered the law relative to collateral attacks as it formerly existed under habeas corpus. "Collateral relief may only be predicated on fundamental or constitutional error and habeas corpus may not be employed in lieu of appeal to correct ordinary trial error." *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 74, 215 A. 2d 637 (1966). See also *Commonwealth ex rel. Butler v. Rundle,* 407 Pa.

In the second place, it is clear that the question of the sufficiency of the evidence has been "finally litigated" within the meaning of Section 4(a)(3) of the Post Conviction Hearing Act. More precisely, although the merits of the substantive claim itself have not been passed upon, the question of appellant's procedural capacity to raise the question has been resolved, adversely to him. As stated above, sufficiency of evidence in first degree cases may not be raised by collateral attack, but may be raised only on appeal (preferably preceded by post-trial motions; see *Commonwealth v. Robinson*, 442 Pa. 512, 276 A. 2d 537 (1971), footnote 2, p. 515; *Commonwealth v. Lowery, supra,* 438 Pa. at 91). Our decision in the previous appeal in this case, 434 Pa. 559, determined that there had been no denial of *Douglas* rights following the judgment of sentence. Appellant thus may not now raise substantive issues for appellate consideration.

Order affirmed.

535, 180 A. 2d 923 (1962) ; *Commonwealth ex rel. Elliott v. Baldi*, 373 Pa. 489, 96 A. 2d 122 (1953).