406 A.2d 337

**COMMONWEALTH of Pennsylvania**

v.

**James MORRIS, Appellant.**

Supreme Court of Pennsylvania.

Argued April 26, 1979.

Decided Oct. 1, 1979.

392

Maxwell L. Davis, Joel S. Moldovsky, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Paul S. Diamond, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

OPINION

NIX, Justice.

Appellant James Morris pled guilty to offenses arising out of thirteen (13) separate criminal episodes amounting to forty (40) bills of indictment before a court *en banc* in November, 1970. The charges against appellant included murder, assault with intent to kill, aggravated assault and battery, assault and battery with intent to kill, conspiracy, burglary, aggravated robbery, indecent assault, and various weapons offenses. After the presentation of the testimony, appellant was adjudged guilty of murder of the first degree. Appellant received a sentence of life imprisonment on the murder indictment, and a total minimum sentence of forty-five (45) and one-half years imprisonment and a total maximum sentence of ninety-one (91) years imprisonment on nine (9) other indictments to follow consecutively the life sentence. Sentence was suspended on the remaining indictments. Appellant failed to file post-trial motions or take an appeal from these judgments of sentence.

In November, 1975, appellant filed a petition under the Post Conviction Hearing Act, 19 P.S. § 1180–1 *et seq.,* alleging that his trial counsel was incompetent, that his guilty pleas were unlawfully induced, and assertions of denials of his rights against self-incrimination and various other state and federal constitutional guarantees.[1] Following an evidentiary hearing, the P.C.H.A. court denied appellant's claim of trial counsel's ineffectiveness but did find that appellant had been denied his appellate rights as defined by *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1967).[2] Specifically, the court found:

1. Appellant was represented by counsel other than his trial counsel during the P.C.H.A. stage of this case. Because of counsel's illness, appellant was represented by yet a third attorney in arguments before this Court.

2. In *Douglas* the Supreme Court held that the equal protection clause of the fourteenth amendment mandates that an indigent have the right to court-appointed counsel to prepare a first appeal if that appeal is available to him as of right. We have held that the Commonwealth has the burden of establishing that an indigent de-

A reading of the transcript renders it abundantly clear that defendant's appellate rights were never fully explained to him. Inter alia, the defendant was not advised that he had the right to challenge the sufficiency of the evidence nor was he fully apprised of his right to appeal with free court-appointed counsel if he could not afford counsel.

The court then granted appellant leave to file a direct appeal *nunc pro tunc* to this Court from the judgments of sentence. An appeal *nunc pro tunc* was also taken on the non-homicide judgments to the Superior Court which was consolidated with the present action.

▌ It is clear that the P.C.H.A. court precipitously placed this matter on the appellate level. In *Commonwealth v. Bricker,* 444 Pa. 476, 478, 282 A.2d 31 (1971), we settled this same question and stated:

We have decided in *Commonwealth v. Robinson,* 442 Pa. 512, 515 n. 2, 276 A.2d 537 (1971), and *Commonwealth v. Harris,* 443 Pa. 279, 278 A.2d 159 (1971), that when it is determined that a defendant has not been properly advised of his right of appeal from a judgment of first degree murder following a plea of guilty to murder generally, the proper practice is for the PCHA court to terminate the hearing and remand the case to the trial court to allow the petitioner to file posttrial motions. See also, *Commonwealth v. Lowery,* 438 Pa. 89, 263 A.2d 332 (1970); *Commonwealth v. Faison,* 437 Pa. 432, 436 n. 4, 264 A.2d 394 (1970).

In *Commonwealth v. Robinson,* upon which the *Bricker* decision relies, this Court stated that the filing *nunc pro tunc* of post-trial motions, rather than a direct appeal to this Court, was "the preferable practice, since it may narrow the issues on appeal or perhaps obviate an appeal entirely." 442 Pa. 512, 515 n. 2, 276 A.2d 537, 539 n. 2. Moreover, we reject the Commonwealth's bizarre argument that appellant should

fendant knew both of his right to appeal and of his right to be represented by free counsel. *Commonwealth v. Ligon,* 454 Pa. 455, 458, 314 A.2d 227 (1973).

be penalized because he followed the procedure directed by the court below and did not on his own initiative file a petition to withdraw the pleas of guilt.[3]

Accordingly, we remand this case to the trial court for the filing of post-trial motions. The appellant is to be permitted to file post-trial motions within thirty (30) days from the date of the entry of this order. In the event that the court below dismisses such motion, appellant shall be permitted to file appeals from the judgments of sentence, as though timely filed, in the appropriate courts.[4]

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. In *Commonwealth v. Robinson,* 442 Pa. 512, 276 A.2d 537 (1971), this Court found the *nunc pro tunc* filing of post-trial motions, rather than a direct appeal, to be a

**3.** While the proper procedure for attacking a guilty plea in 1975 (the time of the P.C.H.A. hearing) may have been by filing a petition for withdrawal of a guilty plea or by post-trial motions, see *Commonwealth v. Lee,* 460 Pa. 324, 327 n. *, 333 A.2d 749, 750 n. * (1975), any such petition filed at that time by this appellant for guilty pleas entered in 1970 would have been clearly untimely and would have required special allowance by a court. As indicated, the court should have granted either of these remedies, but, instead directed appellant to file an appeal *nunc pro tunc.*

**4.** The Commonwealth argues that only a few of the forty (40) bills of indictment were before the P.C.H.A. court and that not all of the forty (40) indictments are properly before us as well. We disagree. In his pro se P.C.H.A. petition appellant included all of the indictments upon which he was sentenced. Although the referral letter to the P.C.H.A. judge mentioned by number only the six (6) bills of indictment relating to the murder, it is clear that the denial of appellant's *Douglas* rights occurred during a proceeding in which all of the judgments of sentence were entered. To accept the Commonwealth's position would be to exalt form over substance. This we decline to do.

Equally as frivolous is the Commonwealth's contention that the present appeal was from the Post-Conviction courts denial of collateral relief on the grounds of ineffective assistance and not pursuant to that court's order allowing appellant to pursue his direct appeal remedy. Although the notice of appeal is admittedly ambiguous, the brief filed on appellant's behalf makes no reference to the earlier claim of ineffective assistance of counsel and is obviously addressed to appellant's direct appeal contentions.

"preferable practice" because that procedure may serve to narrow the issues or perhaps obviate an appeal entirely. The majority correctly points out that the rule which it invokes is based upon *Commonwealth v. Robinson* but fails to note that *Robinson* expresses only a preference for the filing of *nunc pro tunc* post-trial motions, and that neither of the purposes advanced by *Robinson* to support this preference will be served by a remand of the instant case.

The only issues raised by appellant are whether the guilty plea colloquy was sufficient to insure a knowing, intelligent and voluntary plea of guilty and whether the record of these proceedings is sufficiently accurate and precise to permit meaningful review. It is difficult to imagine how remanding this case will further narrow these issues. We have received briefs and heard oral arguments on the merits of this case. This case is ripe for our decision.

I would, therefore, decline the Commonwealth's invitation to remand to the court below and would reach the merits of this case.