418 A.2d 709

**COMMONWEALTH of Pennsylvania**

v.

**Jude STACKPOLE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Feb. 22, 1980.

Carl Max Janavitz, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and LIPEZ, JJ.

LIPEZ, Judge:

On April 10, 1978 appellant filed a Post Conviction Hearing Act (PCHA)[1] petition alleging denial of his right to a direct appeal from his judgment of sentence of May 28, 1964 for trafficking in machine guns. The petition also alleged other errors relating to that conviction. After a hearing, the PCHA court determined that appellant had been denied his right to a direct appeal. The court therefore properly refused to consider the other claims, *Commonwealth v. Webster*, 466 Pa. 314, 319, 353 A.2d 372, 374 (1975), and entered an order on May 22, 1978, granting appellant the right to file a direct appeal nunc pro tunc to this court. Pursuant to that order, appellant on May 23, 1978 filed in the court below a notice of appeal from his judgment of sentence of May 28, 1964. By taking his appeal only one day after the order of the court below, appellant complied with Pennsylva-

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp. 1979–80).

nia Rule of Criminal Procedure 325, which at that time [2] provided in pertinent part:

"In all cases in which a petitioner under the Post Conviction Hearing Act has been granted the right [of] direct appeal as though timely filed, but not the right to file post-verdict motions, such an appeal must be filed with the Appellate Court having jurisdiction within thirty days from the date of the order granting the appeal."

Appellant's compliance with Rule 325 brings this appeal properly before us. However, we must remand this case for the disposition of post-verdict motions. In a recent case in which a PCHA petitioner was granted the right to file a direct appeal as though timely filed without the filing of post-verdict motions, and properly filed his appeal under the then-applicable second paragraph of Rule 325, our Supreme Court held:

"It is clear that the P.C.H.A. court precipitously placed this matter on the appellate level. In *Commonwealth v. Bricker*, 444 Pa. 476, 478, 282 A.2d 31 (1971), we settled this same question and stated:

We have decided in *Commonwealth v. Robinson*, 442 Pa. 512, 515 n.2, 276 A.2d 537 (1971), and *Commonwealth v. Harris*, 443 Pa. 279, 278 A.2d 159 (1971), that when it is determined that a defendant has not been properly advised of his right of appeal from a judgment of first degree murder following a plea of guilty to murder generally, the proper practice is for the P.C. H.A. court to terminate the hearing and remand the case to the trial court to allow the petitioner to file post-trial motions. See also, *Commonwealth v. Lowery*, 438 Pa. 89, 263 A.2d 332 (1970); *Commonwealth v. Faison*, 437 Pa. 432, 436 n.4, 264 A.2d 394 (1970).

In *Commonwealth v. Robinson*, upon which the *Bricker* decision relies, this Court stated that the filing *nunc pro*

---

**2.** Effective July 1, 1979, Rule of Criminal Procedure 325 was supplanted by new Rule of Criminal Procedure 1123(f). 9 Pa. Bull. 1524, 1529; 1979 Pamphlet, Last Minute Amendments to Pennsylvania Court Rules at 81. It is unnecessary for us to decide the significance of the changes in the new rule.

*tunc* of post-trial motions, rather than a direct appeal to this Court, was 'the preferable practice, since it may narrow the issues on appeal or perhaps obviate an appeal entirely.' 442 Pa. 512, 515 n.2 [276 A.2d 537.] Moreover, we reject the Commonwealth's bizarre argument that appellant should be penalized because he followed the procedure directed by the court below and did not on his own initiative file a petition to withdraw the pleas of guilt.

Accordingly, we remand this case to the trial court for the filing of post-trial motions. The appellant is to be permitted to file post-trial motions within thirty (30) days from the date of the entry of this order. In the event that the court below dismisses such motion, appellant shall be permitted to file appeals from the judgments of sentence, as though timely filed, in the appropriate courts." *Commonwealth v. Morris*, 486 Pa. 391, 394–95, 406 A.2d 337, 338–39 (1979) (footnotes omitted).

The only arguable distinction between *Commonwealth v. Morris, supra,* and this case is that in *Morris* the defendant had failed to file any post-verdict motions, while here appellant in 1964 filed motions which raised all the issues raised in this appeal, but were never disposed of by the court below.[3] Since the reason for the remand in *Morris* was to narrow the issues on appeal or obviate an appeal entirely by having the lower court make the initial disposition of issues, the distinction is without significance. We understand *Morris* to say that, even when a direct appeal as though timely filed is properly before an appellate court under former Rule 325, the court should remand for the disposition of post verdict motions, at least if there has been no decision on the merits of an appellant's claims by the lower court.[4]

3. The opinion of the PCHA court erroneously asserts that the motions were denied.

4. The fact that there has been no disposition at all of appellant's issues in the lower court distinguishes this case from *Commonwealth v. Webster*, 466 Pa. 314, 319, 353 A.2d 372, 374 (1975), which stated: "The preferable procedure would have been to allow appellant the opportunity to file with the court below post-trial motions. How-

Accordingly, we remand this case to the trial court for disposition of post-verdict motions. In the event that the court below dismisses such motions, appellant shall be permitted to file an appeal from the judgment of sentence as though timely filed.

ever, in the interest of judicial economy, we will entertain this appeal at this time and treat the lower court's denial of these specific grounds in its order in the post-conviction hearing proceeding as if it was in effect a denial of post-trial motions." That statement makes it clear that the Court did not remand in *Webster* for the filing and disposition of post-verdict motions because all of Webster's claims had at least been rejected on the merits by the lower court, albeit by the incorrect procedure of denial of the post-conviction petition rather than post-verdict motions. Since *Webster* is clearly distinguishable, we need not determine whether similar reasoning would still apply after *Commonwealth v. Morris*, 486 Pa. 391, 406 A.2d 337 (1979).