442 A.2d 786

COMMONWEALTH of Pennsylvania,

v.

Bruce Anthony CLARK, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 11, 1980.

Filed March 12, 1982.

316

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER and CAVANAUGH, JJ.

CERCONE, President Judge:

Appellant entered an open plea of guilty to the charges of robbery[1] and conspiracy to commit robbery[2] and was sentenced to five to fifteen years. A petition to reconsider the sentence was filed and denied. Appellant did not file a motion challenging the validity of the guilty plea pursuant to Rule 321 of the Pennsylvania Rules of Criminal Procedure nor was a direct appeal taken in the case. Subsequently, however, appellant filed a petition under the Post Conviction

1. Crimes Code, 18 Pa.C.S. § 3701 (1973).

2. Crimes Code, 18 Pa.C.S. § 903 (1973).

Hearing Act (hereinafter PCHA) challenging his convictions. Within this petition, appellant faulted trial counsel for failing to file a suppression motion and for failing to take a direct appeal. Following an evidentiary hearing, the PCHA court determined that the claim asserting the denial of appellate rights was meritorious and granted appellant the right to file an appeal *nunc pro tunc.* The PCHA court also reviewed and denied the suppression issue raised in the petition. Thereafter, appellant filed a *nunc pro tunc* appeal from the Judgment of Sentence and a second appeal from the order of the PCHA court insofar as it had denied relief on the suppression issue. These two appeals were then consolidated by our Court for briefing and argument.

■ Procedurally, it was incorrect for appellant to take an appeal from the order of the PCHA court denying relief. As stated in *Commonwealth v. Miranda,* 296 Pa.Super. 441, 442 A.2d 1133:

> [O]nce the PCHA court decides the accuracy of the deprivation of appellate rights claim and grants the *nunc pro tunc* appeal, its review of any remaining claims would not be considered final review of the issues, but would only be seen as serving the evidentiary purpose of completing the record. As such, the evidentiary review *would not result in a separate appealable order.* (emphasis supplied).

*See also Commonwealth v. May,* 296 Pa.Super. 435, 442 A.2d 1129. This appeal must, therefore, be quashed.[3]

■ Second, we must reverse the order of the PCHA court granting the right to file an appeal *nunc pro tunc.* Instead, the case is to be remanded to the trial court to permit appellant to file a motion pursuant to Rule 321 of the Pennsylvania Rules of Criminal Procedure, challenging the validity of the guilty plea. Because this case involved a guilty plea situation, appellant has waived his right to

---

**3.** Appellant is not prejudiced in any way by our quashing of this appeal from the denial of PCHA relief. Appellant has also filed in this case a *nunc pro tunc* appeal, and our disposition of that appeal ensures that appellant will enjoy his full appellate rights with regard to an appeal following a guilty plea situation.

challenge anything but the validity of his sentence and the voluntariness of his plea. *See Commonwealth v. Montgomery*, 485 Pa. 110, 401 A.2d 318 (1979); *Commonwealth v. Arndt*, 269 Pa.Superior Ct. 578, 410 A.2d 852 (1979). In order to preserve these two issues for appellate review, it was necessary that appellant challenge his plea by filing a Rule 321 motion. *See Commonwealth v. Ford*, 484 Pa. 163, 398 A.2d 995 (1979); *Commonwealth v. Rosmon*, 477 Pa. 540, 384 A.2d 1221 (1978); *Commonwealth v. Cooper*, 276 Pa.Superior Ct. 86, 419 A.2d 107 (1980). Rule 321 parallels the procedure outlined under Rule 1123, which deals with the necessity for filing post-verdict motions following trials. Under Rule 321 the trial court is to have the first opportunity to review challenges either to the validity of the guilty plea or to the denial of a motion to withdraw the guilty plea. Such review not only permits the trial court to correct any errors alleged, but also provides a complete record should the case proceed to the appellate court. Where the PCHA court finds a deprivation of appellate rights claim to be meritorious, and there has been no post verdict motions filed, we have said that the proper remedy is to permit the filing of such motions *nunc pro tunc. Commonwealth v. Miranda*, supra, *See also Commonwealth v. Morris*, 486 Pa. 391, 406 A.2d 337 (1979); *Commonwealth v. Stackpole*, 275 Pa.Superior Ct. 255, 418 A.2d 709 (1980). Correspondingly, in a guilty plea situation where the deprivation of appellate rights claim has been found meritorious and no Rule 321 motion has been filed, then the proper remedy is to permit the filing of this motion *nunc pro tunc.* Herein, by granting the *nunc pro tunc* appeal, the PCHA court precipitously placed this case on the appellate level. Because appellant failed to file a Rule 321 motion below, we are without the benefit of a complete record on appeal.

Order of lower court granting appellant the right to file an appeal *nunc pro tunc* is reversed. We remand this case to the trial court for the filing of a motion pursuant to Rule

321.[4]   Appellant is to be permitted to file such a motion within thirty (30) days from the date of the entry of this order.   In the event that the court below dismisses such motion, appellant shall be permitted to file an appeal from the judgment of sentence, as though timely filed, in the appropriate court.

Appeal from the order of the PCHA court denying relief at No. 2198 October Term, 1979, is quashed.

---

**4.**  This result is consistent with the result reached in cases where no post-verdict motions have been filed, and the PCHA court determines that petitioner has been denied his appellate rights.   When faced with this procedural background, the PCHA court is to permit the filing of post-verdict motions *nunc pro tunc* rather than grant the petitioner the right to file an appeal *nunc pro tunc*, for absent post-verdict motions, there are no issues to pursue on appeal.   *See Commonwealth v. Miranda*, 296 Pa.Super. 441, 442 A.2d 1133.