532 A.2d 26

**COMMONWEALTH of Pennsylvania**

v.

**Anthony P. ANDREWS, Appellant.   (Two Cases)**

Superior Court of Pennsylvania.

Submitted May 26, 1987.

Filed Oct. 9, 1987.

Regina B. Guerin, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and ROWLEY and McEWEN, JJ.

CIRILLO, President Judge:

On November 19, 1986, the Honorable Edward J. Blake, sitting as judge on a post-conviction hearing for appellant, Anthony Andrews, issued an order granting an appeal *nunc pro tunc* and denying appellant's petition for relief under the Post Conviction Hearing Act. Andrews now appeals that order. Since appellant's trial counsel never filed either post-trial motions or an appeal, we concur with Judge Blake's conclusion that appellant has been denied his appellate rights. We find, however, that the grant of a *nunc pro tunc* appeal without the grant of a right to file *nunc pro tunc* post-trial motions is an inadequate remedy in this case. We therefore remand this case for the filing of *nunc pro tunc* post-trial motions.

The PCHA appeal alleges that trial counsel was ineffective for failing to: (1) preserve defendant's right to appeal to the superior court; (2) object to hearsay and prejudicial remarks in a "police interrogation"; (3) challenge the probable cause for arrest; (4) call a defense witness that was crucial to appellant's case; (5) adequately prepare for the suppression hearing; (6) request a *Bighum* hearing; (7) object to certain prosecutorial remarks and prejudicial statements; and (8) request a reconsideration of sentence. Because of our disposition of this case, we find that we need

not deal with the second through the eighth issues on the merits.

The facts in this case reveal that, on September 8, 1980, two men committed an armed robbery of a restaurant in Philadelphia. The waitress, who had been held at gunpoint, initially identified appellant's brother at a photo array. Detective McCloskey, following up on the identification, received information that the appellant was one of the participants in the robbery. Appellant was questioned, confessed, and was subsequently arrested.

On March 11, 12, and 13, 1981, appellant was tried before the Honorable Alfred J. DiBona, Jr. A jury found him guilty of criminal conspiracy, simple assault, possessing an instrument of crime generally, and robbery. After dismissing the jury, the judge explained the procedure for preserving appellate rights and advised appellant that he had ten days to file post-trial motions.

The docket lists the filing of post-trial motions on March 19, 1981. The document filed on March 19, 1981, states as follows: "Counsel requests the right to make allegations in support of post verdict relief after reviewing the trial transcript." At the sentencing hearing, defense counsel stated, "there is nothing I can allege in support of any post verdict relief here ... and I at this point after further review can make no allegations of error which can be arguable." The court, characterizing this statement as a post trial motion, replied "post trial motions are hereby denied." The judge then proceeded to sentence appellant. At the conclusion of the sentencing, the appellant stated, "I would like to have my lawyer put in that appeal for me." Judge DiBona responded, "Mr. Stewart, your client has requested that you file an appeal on his behalf. Accordingly, I would ask that you refer that to your appeals division." The appeal was never filed.

On June 1, 1982, appellant filed a petition under the Post Conviction Hearing Act claiming ineffective assistance of counsel. After a number of petitions, evidentiary hearings

4

and several changes of attorney, a hearing was held before Judge Edward J. Blake. Judge Blake denied the appellant's petition for relief under the Post Conviction Hearing Act, but, finding that the appellant was deprived of his appellate rights, granted appellant the right to file an appeal *nunc pro tunc.*

The case law in this situation is well settled. In *Commonwealth v. Miranda,* 296 Pa.Super. 441, 442 A.2d 1133 (1982), the court outlined three distinct factual patterns where an appellant has been denied appellate rights. In discussing the third pattern, the *Miranda* court states:

> The filing or the absence of filing of post-verdict motions are the crucial factors in determining remedial relief. The importance assigned to post-verdict motions in this setting is indicative of their significance in the overall appellate scheme. Where post-verdict motions have not been filed, as is the situation outlined in the third factual pattern, the PCHA court, upon determining that petitioner has been denied his appellate rights, is to permit the filing and argument of such post verdict motions.

*Id.,* 296 Pa.Superior Ct. at 445, 442 A.2d at 1140. The *Miranda* court further stated:

> All claims, including counts of trial counsel's ineffectiveness, which would be cognizable on direct appeal should and must be raised in the *nunc pro tunc* post verdict motions and counsel should be charged with the knowledge that the appellate court will not consider an issue on appeal that has not been adequately preserved below. With the filing of the *nunc pro tunc* post-verdict motions, the appeal process would then proceed along its normal course.

*Id.,* 296 Pa.Superior Ct. at 445–446, 442 A.2d at 1140. *See also* Pa.R.Crim.P. 1123(f). Only those issues included in post-verdict motions will be considered preserved for appellate review. *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979).

■ Thus, in a situation where a judge, in a hearing under the Post Conviction Hearing Act, has found a deprivation of appellate rights, and no post-trial motions have been filed, the proper remedy is to permit the filing of such motions *nunc pro tunc. See, e.g., Commonwealth v. Morris*, 486 Pa. 391, 406 A.2d 337 (1979) (where defendant has been granted leave to file a direct appeal *nunc pro tunc*, the proper practice is for the PCHA court to "remand the case to the trial court to allow the petitioner to file post trial motions"); *Commonwealth v. Clark*, 296 Pa.Super. 315, 442 A.2d 786 (1982) (where there is a deprivation of appellate rights in a guilty plea situation, the proper remedy is to permit filing of *nunc pro tunc* motion challenging validity of guilty plea); *Commonwealth v. Stackpole*, 275 Pa.Super. 255, 418 A.2d 709 (1980) (where appellant was granted a *nunc pro tunc* appeal, but not the right to file post-verdict motions, and filed within the thirty day period, the Superior Court remanded for disposition of post-verdict motions); *cf. Commonwealth v. Jones*, 300 Pa.Super. 338, 446 A.2d 644 (1982) (allowing defendant opportunity to file *nunc pro tunc* post-trial motions after determining that defendant was denied rights was not necessary where the defendants had filed timely post-verdict motions and the court had disposed of those issues in the opinion denying the motions). Because no post-trial motions have been filed in the instant case, the PCHA court has "precipitously placed this case on the appellate level." *Morris*, 486 Pa. at 394, 406 A.2d at 338.

We now find before us an order of the PCHA court granting a *nunc pro tunc* appeal. The facts reveal that no post-trial motions were ever filed. There is no question of waiver here, as appellant stated on the record that he wished his counsel to file an appeal and Judge DiBona, the trial judge, directed counsel to do so. Accordingly, we remand this case to the trial court to allow a *nunc pro tunc* filing of post-verdict motions and for further proceedings consistent with *Miranda*.

Jurisdiction is relinquished.