330 A.2d 854
COMMONWEALTH of Pennnsylvania
v.
Calvin WILLIAMS, Appellant.

Supreme Court of Pennsylvania.

Submitted April 29, 1974.

Decided Jan. 27, 1975.

590

Stanley M. Shingles, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Calvin L. Williams, pled guilty to aggravated robbery and to a general charge of murder on January 2, 1973. A degree of guilt hearing was then held at the conclusion of which appellant was adjudged guilty of robbery and murder in the first degree. Post-verdict motions were made orally but later withdrawn at the request of the appellant. On January 5, 1973, the trial court suspended sentence on the robbery conviction and

imposed a sentence of life imprisonment on the murder conviction. This direct appeal from the judgment of sentence followed.

Several issues are raised in this appeal, none of which are ripe for appellate review. Since appellant withdrew his post-verdict motions, the trial court has not had the opportunity to consider the merits of the issues presented.

In numerous cases we have enunciated and applied the rule that issues not raised in post-verdict motions are deemed waived and may not be raised on direct appeal to this Court. For example, *see Commonwealth v. Agie,* 499 Pa. 187, 296 A.2d 741 (1972). This rule applies whether the appeal arises from a conviction following a full trial or only a degree of guilt hearing held after a plea of guilty. *See Commonwealth v. Robinson,* 442 Pa. 512, 515 n. 2, 276 A.2d 537, 539 n. 2 (1971). However, in order to be effective as a waiver, the withdrawal of post-verdict motions must have been made with a full knowledge and understanding of its consequential effect on the appellant's right to appeal. *See Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 220 A.2d 886 (1966), *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A.2d 637 (1966).

The record reveals that the trial court instructed the appellant that he could file an appeal even if he withdrew the post-verdict motions. Under these circumstances we must conclude that appellant's decision to withdraw his post-verdict motions was not knowingly and intelligently made and, therefore, did not act as a waiver.

Accordingly, this case is remanded to the trial court for the filing of post-verdict motions. Following disposition of these motions by the trial court, either party may seek appropriate review on appeal.

**592**

NIX, J., concurs in the result.

EAGEN, J., filed a dissenting opinion in which O'BRIEN, J., joined.

EAGEN, Justice (dissenting).

Assuming that under Rule 1123 of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix, a defendant who fails to file post-trial motions following the acceptance of his guilty plea is precluded from raising by way of direct appeal the validity of his plea and the sufficiency of the evidence to warrant a finding of murder in the first degree,* Rule 1123 has no application here. This rule was adopted on June 8, 1973 (to become effective forty-five days later), long after Williams, the appellant herein, decided to waive his right to file post-trial motions and sentence was imposed. Certainly, the trial court should not be faulted for not anticipating a change in the rules.

*Commonwealth v. Robinson*, 442 Pa. 512, 276 A.2d 537 (1971), does not give support to the ruling of the majority as its opinion would indicate. In *Robinson* we stated that the filing of post-trial motions, even after a guilty plea, was "preferable" but we did not say it was required.

In my view, we should proceed to determine the merits of the present appeal without further ado.

O'BRIEN, J., joins in this dissent.

* These are the assignments of error raised instantly.