375 A.2d 341

**COMMONWEALTH of Pennsylvania**

v.

**Gregory TATE, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 20, 1977.

Decided July 8, 1977.

A. Martin Herring, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Jane C. Greenspan, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION

EAGEN, Chief Justice.

On January 18, 1974, Gregory Tate was found guilty of murder of the second degree following a trial during which defense counsel stipulated to virtually all of the Commonwealth's evidence. No post-verdict motions were filed, but a direct appeal from the judgment of sentence was filed in this Court. When the appeal came before us initially, we were unable to determine from the record whether Tate effectively waived his right to file post-verdict motions, so we vacated the judgment of sentence and remanded for a determination, following an evidentiary hearing, of whether the waiver was voluntary, knowing and intelligent. We also directed that the judgment of sentence be reinstated if the waiver were found to have been made in accordance with this standard; otherwise, Tate was to be permitted to file post-verdict

motions as if timely filed. *Commonwealth v. Tate,* 464 Pa. 25, 346 A.2d 1 (1975).

On remand, an evidentiary hearing was held during which the Commonwealth introduced the only evidence, namely the testimony of Tate's trial counsel. Based on that testimony, the court found Tate voluntarily, knowingly and intelligently waived his right to file post-verdict motions and ordered the judgment of sentence reinstated. Tate again appealed.

■■ Tate argues the court's finding that the waiver was knowing and intelligent is not supported by the evidence. We agree.

In order for a waiver to be effective in this context, the accused must be advised that a failure to raise an issue in post-verdict motions precludes raising that issue on appeal. Pa.R.Crim.P. 1123(c)(3). Cf. *Commonwealth v. Schroth,* 458 Pa. 233, 328 A.2d 168 (1974). The evidence at the hearing conducted on remand fails to establish Tate was advised of this fact before he decided not to file post-verdict motions. The waiver, therefore, was not knowing and intelligent, and Tate must be affored an opportunity to file such motions. *Commonwealth v. Tate, supra.*

The Commonwealth argues the court's finding is supported by the testimony of trial counsel who said that he "discussed" with Tate his various rights before the decision not to file post-verdict motions was made. However, there is no indication of what the content of this discussion included and since we cannot determine specifically whether the consequences of failing to file post-verdict motions were fully explained to Tate during that discussion, this record is inadequate to support the court's finding.

Accordingly, the judgment of sentence is vacated and the record is remanded to the trial court with directions

to permit Tate to file post-verdict motions as if timely filed.

NIX, J., did not participate in the consideration or decision of this case.

JONES, former C. J., did not participate in the consideration or decision of this case.