394 A.2d 538

COMMONWEALTH of Pennsylvania, Appellee,

v.

Thomas J. TAYLOR, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 18, 1978.

Decided Nov. 18, 1978.

James K. McNamara, Erie, Court-appointed, for appellant.

Robert H. Chase, Dist. Atty., Erie, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On February 22, 1975, Thomas J. Taylor was convicted by a jury of voluntary manslaughter in Erie County. Post-verdict motions were filed on his behalf.[1] However, immediately prior to sentencing, the post-verdict motions were withdrawn. Judgment of sentence of five to ten years imprisonment was imposed. On May 2, 1977, Taylor, pro se, filed a "Petition to Reinstate Appeal Rights" with this Court. We

1. "Boiler-plate" motions entitled "Application for New Trial and/or Arrest of Judgment" were filed by Taylor's trial attorneys. The application alleged the verdict was contrary to the evidence, to the weight of the evidence, and to the law. It purported to reserve to Taylor the right to file additional assignments of error when the transcription of the trial notes became available.

remanded to the trial court for proceedings to determine whether Taylor knowingly and intelligently waived his appellate rights.

Pursuant to our order of remand, the court appointed counsel to represent Taylor and conducted an evidentiary hearing. The court found Taylor's decision to withdraw post-verdict motions was "knowingly and intelligently [made] with a full consideration of the consequences." As a result, Taylor's request for reinstatement of direct appeal rights was denied. This appeal followed.

Taylor argues the evidence presented at the remand hearing does not support the court's conclusion he knowingly and intelligently waived his appellate rights. We agree.

■■■■ A person has the right to a direct appeal, but may waive this right. *Commonwealth v. Maloy*, 438 Pa. 261, 264 A.2d 697 (1970). The waiver of the right to appeal may be made by withdrawing post-verdict motions. *Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975). "However, in order to be effective as a waiver, the withdrawal of post-verdict motions must have been made with a full knowledge and understanding of its consequential effect on the appellant's right to appeal." *Commonwealth v. Williams*, supra at 591, 330 A.2d at 855. To that end ". . . the accused must be advised that a failure to raise an issue in post-verdict motions precludes raising that issue on appeal." *Commonwealth v. Tate*, 473 Pa. 478, 480, 375 A.2d 341, 342 (1977).

"Because [post-verdict] motions are a critical step in the post-conviction review process, we will scrutinize closely any waiver of the [appeal rights such motions preserve] in order to ensure the appellant has acted voluntarily and with a full understanding of his rights." *Commonwealth v. Coleman*, 458 Pa. 324, 325–26, 327 A.2d 77 (1974). The evidence presented at the remand hearing fails to establish Taylor fully understood the consequences of withdrawing his post-verdict motions.

■ To assure that any waiver of the right to appeal is knowing and intelligent, this Court has promulgated Pa.R. Crim.P. 1123(c)[2] to ensure defendants are informed not only that they have a right to appeal, but also that any issue they wish to raise on appeal must be first raised in post-verdict motions. *Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (1978). A review of the record in the instant case reveals the trial court did not fully comply with Rule 1123 since there is no "on the record" colloquy indicating Taylor was made aware, upon being found guilty, of his appeal rights.

The Commonwealth argues the testimony of Taylor's trial counsel at the evidentiary hearing establishes Taylor was fully aware of his appeal rights and the consequences of the withdrawal of post-verdict motions. At the remand hearing, Taylor's counsel did not testify he had at any time informed Taylor that by withdrawing the post-verdict motions he would be waiving the right to raise on appeal any issue which could be raised in post-verdict motions. Counsel only testified he could not recall specifically informing Taylor that, by withdrawing his post-verdict motions, he would be waiving his right to challenge on appeal the admission of testimony indicating Taylor incriminated himself; but, based upon his experience, he would have "discussed" the matter with Taylor.[3] There is no indication what the con-

**2.** Pa.R.Crim.P. 1123(c) [hereinafter: Rule 1123] states:
"Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal." (Adopted June 8, 1973.)

**3.** "Q. Mr. Ridge, do you have any specific recollection of at anytime telling Tom that by withdrawing the post trial motion that was filed he would be waiving what he considered to be the erroneous admission of Mr. Rigazzi's testimony as a grounds for appeal? Do you have a specific recollection of that?
"A. I feel confident that in the course of our conversation that the matter was discussed. In terms of a specific recollection of making that specific statement I do not have a recollection. Of course, I can only indicate to you that I had talked to him and based on my

tent of the discussion between Taylor and his attorney included. Since we cannot determine specifically whether the full consequences of withdrawing the post-verdict motions were explained to Taylor by his trial counsel, this evidence does not illustrate Taylor had a full awareness of the consequences of the withdrawal of his post-verdict motions. *Commonwealth v. Tate*, supra.

The Commonwealth further argues the following colloquy conducted on the day the post-verdict motions were withdrawn establishes the waiver was knowing and intelligent.

"MR. RIDGE: Preliminarily, Your Honor, I'd like to direct your attention to a motion for a new trial and or arrest of judgment that was filed shortly after the conviction. It is my client's desire at this time, prior to sentencing, to withdraw this motion and to make it a matter of the record before the Court. Mr. Taylor has been informed that by withdrawing this motion, he is waiving any of the potential objections that he may have had to the trial, to include, of course, any errors and admissions of possible prejudicial testimony, the Court's Charge, anything that defense counsel may have thought were possible grounds to give him a new trial. He has been advised that by waiving or withdrawing *this particular motion*, he is waiving forever *these grounds* as a possible source for a later appeal. Given that advice, it is still his wish to withdraw *that particular motion* and I request the Court to now withdraw that.

"THE COURT: Mr. Taylor, it's your request that your motion for new trial and arrest of judgment be withdrawn at this time?

"THE DEFENDANT: Yes.

"THE COURT: And as your attorney has stated, he has fully explained the fact that by withdrawing *those motions* at this time that you forever have precluded yourself from raising *those issues* again?

"THE DEFENDANT: Yes.

> experience what I would have told him, but in fairness to everyone I don't have a specific recollection that I told him that."

"THE COURT: And that is your desire?

"THE DEFENDANT: Yes.

"THE COURT: You have thoroughly thought it out?

"THE DEFENDANT: Yes, sir.

"THE COURT: There is no pressure on you of any sort that is forcing you to do so?

"THE DEFENDANT: No, sir.

"THE COURT: It is done voluntarily of your own free will after a full discussion with your attorney?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you're satisfied also, Mr. Ridge, that this is being done by Mr. Taylor without any pressure or coercion or anything of that nature?

"MR. RIDGE: I am satisfied, Your Honor.

"THE COURT: Mr. Fetzner, do you concur in that?

"MR. FETZNER: That is correct.

"THE COURT: All right. The Court will grant the defendant's request to withdraw the motion for new trial and arrest of judgment." [Emphasis added.]

Taylor, on the other hand, contends that, while he was aware his actions in withdrawing the post-verdict motions constituted a waiver, his understanding was he was waiving only the appeal rights related to the three issues specified in his "Application for New Trial and/or Arrest of Judgment" and he would later, upon receiving a transcription of the notes of testimony, be able to attack the admission into evidence of testimony regarding an incriminatory statement he gave to police.[4]

During the colloquy, the judge did not explain what was meant by "these grounds" or "those issues." Taylor could have concluded he was thereby only precluded from raising on appeal "any errors" based upon "these grounds" or "those issues," i. e., the three alleged trial errors specified on the application. See *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1974).

4. The transcript of Taylor's trial was not made available to him until January, 1977. The date the post-verdict motions were withdrawn was June 17, 1975.

Since the record is unclear as to whether or not Taylor was fully aware of the consequences of the withdrawal of the post-verdict motions, we cannot say he acted knowingly and intelligently. Hence, the record is remanded to the trial court with directions to allow Taylor to file new post trial motions as if timely filed. If Taylor is aggrieved by the disposition of these motions, he may file a new appeal.

MANDERINO, J., filed a concurring opinion.

POMEROY, J., filed a dissenting opinion in which LARSEN, J., joined.

MANDERINO, Justice, concurring.

I concur in the result by the majority because the colloquy conducted in open court pursuant to Pa.R.Cr.P. 1123(c) did not take place. That Rule requires the trial judge to inform a person *on the record* of his appellate rights. In other areas where our rules require an on-the-record colloquy to inform a person of his rights, we have refused to go outside the record. The colloquy must be on the record. *See, e. g., Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974) (under Pa.R.Cr.P. 319(a), guilty plea colloquy must be on the record); *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1963) (under Pa.R.Cr.P. 1101, waiver of jury trial colloquy must be on the record).

The Rule is a salutary one. It avoids additional hearings in order to determine what could easily have been determined in a colloquy on the record as required by the rules.

POMEROY, Justice, dissenting.

The majority acknowledges that the right of a defendant to a direct appeal may be waived and that such a waiver may be effectuated by the withdrawal of post-verdict motions provided the withdrawal is knowingly and intelligently made. *See, e. g., Commonwealth v. Tate*, 473 Pa. 478, 375 A.2d 341 (1977); *Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975); *Commonwealth v. Maloy*, 438 Pa. 261,

264 A.2d 697 (1970). The Court concludes, however, that in the case at bar the attempted waiver was not knowing and intelligent. This conclusion is based upon what I think is a strained reading of the record. I therefore dissent.

In *Commonwealth v. Tate, supra,* Mr. Chief Justice Eagen, speaking for a unanimous Court, noted that in order to establish an effective waiver of the right to appeal, "the accused must be advised that a failure to raise an issue in post-verdict motions precludes raising that issue on appeal", *supra,* 473 Pa. at 480, 375 A.2d at 342. The Court finds that element to be lacking in the case at bar. This conclusion, however, is hard to square with the clear explanation by defendant's lawyer made in the course of the colloquy conducted by the trial judge, and in the presence of the defendant, which preceded the acceptance of the defendant's withdrawal of the post-trial motions:

> MR. RIDGE: ". . . *Mr. Taylor has been informed that by withdrawing this motion, he is waiving any of the potential objections that he may have had to the trial, to include, of course, any errors and admissions of possible prejudicial testimony, the Court's Charge, anything that defense counsel may have thought were possible grounds to give him a new trial.* He has been advised that by waiving or withdrawing this particular motion, he is waiving forever these grounds as a possible source for a later appeal." (Emphasis added.)

In his opinion filed pursuant to this Court's remand order, the trial judge noted that the defendant "was an intelligent individual who appeared to understand everything that was said to him," and that by reason of professional testing, Taylor's lawyer deemed him to be of above average intelligence. The court went on to state:

> "The defendant by his testimony at the evidentiary hearing would now want this Court to believe that he was under some sort of pressure in that he wanted out of the County Jail and further, that he thought that the withdrawal of such Motions related only to the three basic reasons stated in the Motions that were filed, and would

not in any way bar his appealing later on the admission of Officer Rigazzi's statement. This Court finds such testimony not credible. Considering the abilities of the defendant, the competency of his counsel, their advice to him, and the colloquy conducted by the Court, it can only be determined that the defendant's decision to withdraw these Motions at the time was knowingly and intelligently given, with a full consideration of the consequences."

I see no justification for this Court now to reverse the trial judge's finding that the defendant was not to be believed when he stated at the hearing that he misunderstood what he was doing when he withdrew the motions.

LARSEN, J., joins in this dissenting opinion.