410 A.2d 352
**COMMONWEALTH of Pennsylvania,**

v.

**James TYLER, Appellant.**

Superior Court of Pennsylvania.

Argued July 9, 1979.

Filed Sept. 14, 1979.

Mitchell S. Lipschutz, Philadelphia, for appellant.

Stephen Seeling, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WEKSELMAN, Judge:

Appellant was tried by the Court below, sitting without a jury, and convicted of murder in the third degree. The Court's verdict was entered on May 19, 1977, and sentence was deferred to July 19, 1977, to allow appellant an opportunity to prepare and file post-trial motions. No such motions were ever filed and, on July 19, 1977, appellant was sentenced to a term of five to fifteen years. This appeal is from that judgment of sentence.

Appellant was represented at the trial and at sentencing by counsel other than counsel who represents him in this appeal. Appellate counsel presents only one issue for deter-

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

mination by this Court. The sole claim advanced in this appeal is that appellant did not knowingly and intelligently waive his right to file post-verdict motions. A perusal of the record in this case clearly demonstrates that that claim is totally without merit.

The trial record demonstrates that upon finding appellant guilty, the trial judge fully advised appellant of his right to file post-trial motions, the time within which they must be filed, his right to file additional reasons upon transcription of the notes of testimony, his right to proceed with his then counsel or choose other counsel, his right to have counsel appointed for him at Commonwealth expense if he were unable to afford post-trial counsel, and the consequences of his failure to file post-trial motions. These on-the-record admonitions to appellant fully complied with the requirements of Pa.R.Crim.P. 1123, and appellant's responses to the trial Court's enumeration of his rights indicate his understanding of those rights.

Appellant contends, however, that the notes of testimony from his sentencing hearing, conducted two months later, reveal that he "was very confused as to his rights of appeal." He contends that he believed that his appellate rights were "foreclosed until such time as he could gather sufficient funds to pay for an appeal." That argument, of course, ignores the fact that appellant was specifically advised by the trial Court of his right to the appointment of counsel at Commonwealth expense. In addition, any "confusion" at the time of sentencing must have disappeared very quickly when the sentencing judge, immediately after imposing sentence, again advised appellant of his right to appeal and of his right to counsel at the expense of the Commonwealth.

The record establishes that appellant received an adequate explanation of his post-verdict rights and the necessity of filing post-verdict motions to preserve issues for appeal. Prior to the imposition of sentence, appellant was again thoroughly questioned on the consequences and the voluntary and knowing character of his waiver. At that point, appellant explicitly indicated that he had discussed the mat-

ter with his then attorney and that he was satisfied with his representation of him.

Our reading of this record convinces us that appellant was well aware of his rights and of the impairment of his appellate rights which would result from a decision to forego the filing of post-verdict motions. His waiver was informed and there is no basis in this record for affording the relief requested. *See, Commonwealth v. Taylor,* 483 Pa. 60, 394 A.2d 538 (1978); *Commonwealth v. Cathey,* 477 Pa. 446, 384 A.2d 589 (1978).

Judgment of sentence affirmed.