419 A.2d 790

**COMMONWEALTH of Pennsylvania**

v.

**Terry Lee BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed May 16, 1980.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

Defendant seeks to vacate his sentence and to file post–verdict motions nunc pro tunc. He argues that he did not voluntarily and knowingly waive his right to file post–verdict motions. We agree.

On February 12, 1979, a jury found the defendant guilty of theft and not guilty of burglary. On this same day the trial judge conducted a post–verdict colloquy as required by Pa.R.Crim.P. 1123(c). In accordance with Pa.R.Crim.P. 1123(c) the trial judge informed the defendant of his right to file post–verdict motions and of the right to the assistance of counsel in filing such motions; of the ten–day time period for filing such motions; and that only the grounds contained in such motions may be raised on appeal. Appellant's counsel then stated that he recommended that appellant not appeal. After a recess the judge fined appellant $100.00, ordered him to pay costs, and sentenced him to time served to twelve months. Within ten days of the guilty verdict the defendant, through counsel different from trial counsel (the same counsel who represents him in this appeal), filed an application to vacate the sentence and file post–verdict motions. The lower court denied this application and appellant filed the instant appeal.

After the finding of guilt, a defendant has ten days in which to file post–verdict motions. Pa.R.Crim.P. 1123(a). Although a defendant has a right to file post–verdict mo-

tions within ten days after the finding of guilt, he may waive the filing of post–verdict motions within that ten–day period. Pa.R.Crim.P. 1123(b).

Pennsylvania Rule of Criminal Procedure 1123(b) provides in part:

The defendant may also within the ten (10) day period on the record voluntarily and understandingly waive the filing of post–verdict motions. Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that waiving of post–verdict motions shall preclude raising on appeal any issues which might have been raised in such motions.

It appears that, if the defendant makes a voluntary and understanding waiver in compliance with Pa.R.Crim.P. 1123(b) within this ten–day period, he may not as of right retract this waiver even within this ten–day period. This aspect of the rule is a departure from prior court decisions which allowed a voluntary and understanding waiver to be retracted within the time for filing post–verdict motions. Pa.R.Crim.P. 1123 comment: *Commonwealth v. Blum*, 210 Pa.Super. 529, 534, 233 A.3d 613, 615 (1967).

Prior to the acceptance of such waiver, however, the trial judge must advise the defendant on the record that waiving of post–verdict motions shall preclude raising on appeal any issues which might have been raised in such motions. Pa.R. Crim.P. 1123(b). Such information to the defendant at the time of the waiver helps to insure that the waiver is under-standingly made.

In the instant case, appellee contends that the trial judge advised the defendant as required by 1123(b). (Appellee's brief, page 2). Appellee's reference to the record in support of this contention contains the following:

THE COURT: In order to preserve the right to raise any issue on appeal, the rules of criminal procedure established by our Supreme Court require that it must first be raised in this Court. Otherwise, your right to raise that claim on appeal would be lost. Do you understand that?

MR. BROWN: Yes, I do.

THE COURT: And these motions would have to be filed in writing within ten days. Do you understand that?

MR. BROWN: Yes, I do.

■ In this part of the record, and in the remainder of the record as well, the trial judge did not, as required by 1123(b), advise the defendant that *waiving* post–verdict motions precludes raising on appeal any issues which might have been raised in such motions. Instead, the trial judge advised the defendant that he had ten days within which to file post–verdict motions. Such advice is required by 1123(c),[1] but when the trial judge gives it without giving the advice required by 1123(b), the defendant can be misled into erroneously thinking that despite his waiver, he still may file post–verdict motions within ten days.

The difference between the advice required by 1123(b) and 1123(c) is subtle, but important. The defendant who is advised pursuant to 1123(c), but not advised pursuant to 1123(b), is unlikely to perceive that his waiver has irrevocably eliminated the ten–day period for filing post–verdict motions and that he is precluded from raising on appeal any issues which might have been raised in post–verdict motions.

Where, as here, the trial judge failed to advise appellant that his waiver precluded the filing of motions and preservation of his appellate rights, the defendant could have been misled into thinking he still had ten days to file post–verdict motions. Within the ten–day period, the defendant sought leave to file post–verdict motions.[2] Since the trial judge

1. "(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of the right to file post–verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal."

2. Counsel alleged that the defendant had a history of convulsive disorder which may influence his intellectual functioning and that he was not aware of his right to file post–verdict motions. The court denied the application based on medical reports submitted by the

could have misled the defendant into thinking he had ten days to file post–verdict motions, and since the defendant sought leave to file post–verdict motions within ten days, we remand to allow defendant to file post–verdict motions nunc pro tunc.

We remand to allow the filing of post–verdict motions nunc pro tunc rather than remand for an evidentiary hearing, because an evidentiary hearing would be inappropriate under the facts of the instant case.

The purpose of an evidentiary hearing would be to determine what the defendant knew at the time of the waiver colloquy. When the trial judge only advises the defendant pursuant to Pa.R.Crim.P. 1123(c), the defendant may be misled into thinking he has ten days to file post–verdict motions. Because the trial judge occupies an authoritative position from the defendant's point of view, if the defendant is misled by the trial judge, any prior knowledge of his rights which he may have had is of no help to him. Thus, an evidentiary hearing is inappropriate when the trial judge advises the defendant pursuant to Pa.R.Crim.P. 1123(c), but fails to advise him pursuant to Pa.R.Crim.P. 1123(b) and the defendant seeks leave to file post–verdict motions within ten days of his finding of guilt. *Cf. Commonwealth v. Williams*, 459 Pa. 589, 591, 330 A.2d 854, 855 (1975). (Misstatement of appellate rights to defendant by trial judge; defendant allowed to file post–verdict motions nunc pro tunc).

█ Not only was defendant possibly misled by the trial judge's failure to comply with Pa.R.Crim.P. 1123(b), which alone is sufficient to require the filing of post–verdict motions nunc pro tunc, but we find the record as a whole fails to demonstrate that the defendant voluntarily and understandingly waived his right to file post–verdict motions.

█ A waiver to file post–verdict motions must be made by the defendant voluntarily and understandingly. Pa.R. Crim.P. 1123(b); *Commonwealth v. Taylor*, 483 Pa. 60, 62,

defendant and on the judge's recollection of the post–verdict colloquy.

394 A.2d 538, 539 (1978). Moreover, we closely scrutinize any waiver of filing post–verdict motions to ensure that the defendant has done so voluntarily and understandingly. *Id.; Commonwealth v. Coleman*, 458 Pa. 324, 325–26, 327 A.2d 77, 78 (1974). Furthermore, the record must affirmatively demonstrate that the waiver was voluntarily and understandingly made, *Commonwealth v. Schroth*, 458 Pa. 233, 235, 328 A.2d 168, 169 (1974); *Commonwealth v. Rinier*, 255 Pa.Super. 166, 172, 386 A.2d 560, 568 (1978), and a waiver will not be inferred from a silent record. *Commonwealth v. Babb*, 246 Pa.Super. 471, 475, 371 A.2d 933, 935 (1977); *Commonwealth v. Sumpter*, 222 Pa.Super. 283, 287, 295 A.2d 128, 130 (1972).

In the instant case the defendant himself never affirmatively stated that he wished to waive the filing of post–verdict motions; only defendant's counsel stated that counsel recommended that an appeal not be filed. We have held that counsel's on the record waiver to file post–verdict motions is not effective against the defendant. *Commonwealth v. Babb*, 246 Pa.Super. 471, 475–76, 371 A.2d 933, 935–36 (1977) (counsel's post–verdict motion which was a concession that there were no appealable issues was tantamount to a waiver of filing post–verdict motions).

In addition, at the time of sentencing, which occurred after a recess after the post–verdict colloquy,[3] the defendant stated that he might appeal his case. Such a statement indicates the defendant's lack of understanding of the effect of his waiver of post–verdict motions. After sentencing, the judge informed him of his right to file post–sentencing motions and his right to appeal to this court. In response to the judge's question as to whether he understood, the defendant answered affirmatively and stated he could appeal the sentence within 30 days. It is doubtful the defendant understood the difference between appealing a conviction and merely appealing the sentence imposed. Therefore, we conclude that the lack of defendant's explicit statement to waive the filing of post–verdict motions, his statement that

3. The post–verdict colloquy began 3:17 p. m.

he might appeal, made so soon after the post–verdict collo-quy, and his statement that he understood he had 30 days to appeal his sentence when it is doubtful the defendant under-stood the difference between appealing a conviction and appealing the sentence imposed, all serve to demonstrate that the record fails to affirmatively establish that the defendant voluntarily and understandingly waived his right to file post–verdict motions.

Accordingly, we remand to allow the defendant to file post–verdict motions nunc pro tunc.

Reversed and remanded.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I agree with the majority that appellant did not voluntari-ly and knowingly waive his right to file post–verdict motions and so should be permitted to file them *nunc pro tunc.* However, I do not agree with the majority that Pa.R. Crim.P. 1123(b) requires a special warning not required by Pa.R.Crim.P. 1123(c). If before accepting the defendant's waiver of his right to file post–verdict motions the trial judge advises the defendant pursuant to Pa.R.Crim.P. 1123(c), that is sufficient.