460 A.2d 1149

**COMMONWEALTH of Pennsylvania**

v.

**Alphonso LEWIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 14, 1982.

Filed May 6, 1983.

Petition for Allowance of Appeal Denied Aug. 10, 1983.

Marlene Cooperman, Philadelphia, for appellant.

Gaele M. Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

McEWEN, Judge:

We here review an appeal from a judgment of sentence imposed following a non-jury trial at which appellant was found guilty of rape, involuntary deviate sexual intercourse, burglary, possession of an instrument of crime, simple assault and criminal trespass. Appellant received consecutive sentences of from five to ten years each for the crimes of rape and involuntary deviate sexual intercourse and from two to five years for the crime of burglary, for a total period of confinement of from twelve to twenty-five years, to be followed by terms of probation of two years each for the offenses of possession of an instrument of crime, simple assault and recklessly endangering another person. We affirm.

Appellant raises several issues of ineffective assistance of counsel. He initially contends that "trial counsel was ineffective in failing to seek recusal of the trial judge who presided at the pre-trial suppression hearing and [the] non-jury trial." He then itemizes certain developments during the suppression hearing that would have prevented the trial judge from rendering an impartial verdict. Appellant also asserts that trial counsel was further ineffective by reason of a failure to assert a suppression issue in the post-verdict motions and by reason of the withdrawal of the post-trial motions.

On July 3, 1980, at approximately 4:00 a.m., appellant burglarized the apartment of the victim, entered the bedroom where she was sleeping with her two children, ages two and three, put a knife to her throat and demanded money before proceeding to rape her and force her to engage in various acts of involuntary deviate sexual intercourse, all in the presence of her children.

Appellant was apprehended nine days later when the victim and a neighbor observed appellant in the neighborhood. The distinguished Judge Alfred J. DiBona, Jr. dis-

missed the motion of appellant to suppress the identification evidence after concluding that probable cause to arrest existed, found appellant guilty after conducting a non-jury trial[1] and permitted trial counsel for appellant to withdraw the timely filed post-trial motions after conducting a colloquy with appellant and concluding the withdrawal was a voluntary and knowledgeable act of appellant.

It is well settled that "[w]hen confronted with a claim of ineffective assistance of counsel, we must first ascertain whether the issue underlying the charge of ineffectiveness is of arguable merit, and if so, it must be determined whether the course chosen by counsel had some reasonable basis to effectuate his client's interest." *Commonwealth v. Pittman*, 295 Pa.Super. 234, 237, 441 A.2d 436, 437 (1982) (citations omitted). *See also Commonwealth v. McKnight*, 307 Pa.Super. 213, 453 A.2d 1 (1982); *Commonwealth v. Bossick*, 305 Pa.Super. 196, 451 A.2d 489 (1982).

We shall first discuss the contention that trial counsel was ineffective for failing to request recusal of the trial judge. The Pennsylvania Supreme Court has suggested that "[t]he better practice in a multi-judge county would be to have the trial conducted by someone other than the judge who presided over the Suppression Proceedings particularly where there is a waiver of jury accepted." *Commonwealth v. Paquette*, 451 Pa. 250, 258, 301 A.2d 837, 841 (1973). The Court again articulated a preference for this practice in *Commonwealth v. Goodman*, 454 Pa. 358, 362, 311 A.2d 652, 654 (1973), as it concluded "that a judge should honor a request for recusation where prejudicial information is received in a pre-trial proceeding that would be otherwise inadmissible during the trial of the cause." Whether a trial judge should recuse himself thus depends upon "the type of evidence that the judge hears; if the

---

**1.** It is to be noted that appellant and the prosecutor agreed "to incorporate all of the relevant and admissible testimony which was offered at the [suppression hearing, namely] ... the testimony offered by the complainant, Sharon Landers, as well as, the testimony offered by Officer Harry Otey, [the rape investigation officer] and testimony offered by Officer James Moriarity [the arresting officer]."

evidence is inadmissible and is of a highly prejudicial nature, the judge should recuse himself or declare a mistrial if it is too late for recusal." *Commonwealth v. Lee,* 262 Pa.Super. 280, 291, 396 A.2d 755, 760 (1978). The judge should also recuse himself whenever there is substantial doubt as to his ability to preside impartially. *Commonwealth v. Boyle,* 498 Pa. 486, 490, 447 A.2d 250, 252 (1982). The burden to show prejudice, however, is on the party seeking recusal. *Commonwealth v. Council,* 491 Pa. 434, 421 A.2d 623 (1980); *Commonwealth v. Martin,* 307 Pa.Super. 118, 452 A.2d 1066 (1982). "If the evidence is admissible or not of a highly prejudicial nature, recusal is not required", *Commonwealth v. Lee, supra,* 262 Pa.Super. at 291, 396 A.2d at 760, and while it may be the better practice to have a different judge preside over trial than preside over pre-trial proceedings, such a practice is not constitutionally required and has not been made the basis for setting aside a verdict reached in an otherwise proper trial. *Commonwealth v. Baxter,* 282 Pa.Super. 467, 422 A.2d 1388 (1980). *Commonwealth v. Williams,* 269 Pa.Super. 544, 410 A.2d 835 (1979). This principle appears to be based on "the prevailing view that judicial fact-finders are capable of disregarding most prejudicial evidence." *Commonwealth v. Council, supra* 491 Pa. at 439, 421 A.2d at 625 (footnote omitted). Therefore, the failure of trial counsel to request recusal of the trial judge was not per se, without more, ineffective representation.

Appellant proceeds to assert that the suppression judge would have become prejudiced and thereby unable to serve as trial judge by reason of: (1) evidence presented at the suppression hearing which would have been inadmissible at the trial as hearsay evidence; (2) evidence presented at the suppression hearing which would have been inadmissible at the trial as evidence of other crimes; (3) evidence concerning police photographs indicating appellant had been involved in prior criminal activity; and (4) the adverse determination by the suppression judge upon the credibility of appellant that had to precede denial of the motion to sup-

press. Since we will hereinafter reject the contentions that the suppression judge had been prejudiced by such evidence, we conclude that counsel was not ineffective by reason of a failure to request the recusal of the trial judge for these specific reasons.

Appellant contends that he was prejudiced since Judge DiBona heard the following testimony at the suppression hearing which was inadmissible at the trial as both hearsay evidence and as evidence of other crimes:

Q. And you were present at the time of the arrest?

A. Yes.

Q. Could you describe to the Court the circumstances that led to that?

A. Yes. It was during the evening hours—well, the later evening, I guess around 9:00 p.m. or so. The tenant on the second floor came down and stated that there was a man out in the backyard who was looking in the houses on 5th Street and he suggested that I look out my window to see if this was the man who had raped me. When I looked out the first floor window I couldn't see him very well. So he suggested that I go up to the second floor and look out his window because he had a fairly good view from the second floor. So, I went up and I saw this man climbing up on a wall and he was facing me. He was climbing up on the wall. Then he turned to the left to look in a window on 5th Street. When I saw him climbing up, I realized that it was the man that had raped me and the second floor tenant's wife, she went and called the police and they came to the house.

 Hearsay evidence is testimony by a third person as to extra-judicial utterances made by another, when offered to prove the truth of the matter averred therein, and is inadmissible at trial because the competency and veracity of the original speaker are not subject to examination. *Commonwealth v. Perry*, 279 Pa.Super. 32, 420 A.2d 729 (1980). It is well settled that an out-of-court statement offered to

explain a course of conduct is not hearsay. *Commonwealth v. Cruz*, 489 Pa. 559, 414 A.2d 1032 (1980); *Commonwealth v. Ryan*, 253 Pa.Super. 92, 384 A.2d 1243 (1978). The testimony of the victim that "[t]he tenant on the second floor came down and stated that there was a man out in the backyard who was looking in the houses on 5th Street and he suggested that I look out my window to see if this was the man who had raped me" was not inadmissible hearsay, but was admissible information that explained the events and course of conduct that preceded the arrest of appellant. Therefore, the trial judge had not been exposed to inadmissible hearsay and trial counsel was not ineffective for not requesting recusal for that reason.

We also reject the contention that the preceding testimony was prejudicial for the reason that it connected appellant with such other criminal activity as loitering and prowling. Although the testimony as to the behavior of appellant in the backyard would cause any person to be suspicious and might form a basis for a charge of loitering and prowling, the probative value of that testimony far outweighs any prejudicial effect. That testimony was clearly part of the history of the event of the arrest and part of the natural development of the facts. *See Commonwealth v. Brown*, 462 Pa. 578, 591, 342 A.2d 84, 90 (1975); *Commonwealth v. Williams*, 307 Pa. 134, 148, 160 A. 602, 607 (1932). Since the arrest occurred some days after the crime, a full and fair trial could not have been conducted unless the trier of the facts was apprised of the circumstances of the arrest. In fact, if, hypothetically, the trier of the facts had been precluded by judicial ruling from learning of the facts of the arrest in this instance, we could anticipate a claim by appeals counsel that trial counsel was ineffective for concealing from the trier of the facts information that would have enabled trial counsel to argue that the identification by the victim was inspired by the suggestion of the neighbor. Whatever conclusion might be reached as to whether the admission or the concealment of such evidence was more prejudicial to appellant, the probative value of such

evidence is, as we have noted, far greater than any prejudicial effect. Therefore, the trial judge had not been exposed to inadmissible prejudicial testimony of criminal activity and the failure of counsel to seek recusal for this reason was not ineffective representation.

■ Appellant next argues that the court was prejudiced by testimony concerning police photographs that indicated that appellant had been involved in prior criminal activity. The suppression hearing record reflects that the victim, while being cross-examined by prior counsel of appellant, testified that as part of an identification procedure a "detective had [her] look at pictures at 8th and Race". We reject the assertion that this revelation of the existence of photographs of appellant at the police headquarters was so prejudicial that the court would have been unable to render an impartial verdict. Rather, we are of the view that the trial judge has by training and experience developed instincts that permit the entry of determinations based solely upon relevant, admissible evidence and unaffected by irrelevant, inadmissible or prejudicial developments. *See Commonwealth v. Corbin*, 447 Pa. 463, 291 A.2d 307 (1972). As a result, there is no merit to the assertion that the trial judge was thereby prejudiced and unable to provide for an impartial verdict. Therefore, trial counsel was not ineffective by reason of a failure to request recusal.

■ We further conclude there is no basis for the contention that the denial of the motion to suppress by Judge DiBona indicated that he questioned the credibility of appellant. The conflict in the testimony did not relate to basic, fundamental points of substance that would affect credibility, but to items that merely reflected an inconsistency between recollections of witnesses. Accordingly, we reject the contention that such a finding reflected a prejudice that required trial counsel to seek recusal.

Appellant proceeds to assert that trial counsel failed to assert in post-trial motions that the trial court erred when it refused to suppress all evidence concerning the identifica-

tion of appellant by the victim. Appellant fails, however, to express any basis for this contention of error but seems to infer that since trial counsel asserted lack of probable cause for arrest in pretrial motions, trial counsel should have persisted in such claims in post-trial motions.

■ The cardinal principle for any study of the validity of an arrest without a warrant is that an arrest must be based upon probable cause. As noted by our esteemed colleague, Judge Gwilym A. Price, Jr.:

> The burden is on the Commonwealth 'to show with reasonable specificity facts sufficient to establish that probable cause existed.' *Commonwealth v. Richards,* 458 Pa. 455, 464, 327 A.2d 63, 67 (1974) (quoting from *Commonwealth v. Holton,* 432 Pa. 11, 14–15, 247 A.2d 228, 229–30 (1968)). The crucial test in determining the presence of probable cause is whether 'the facts and circumstances known to the police or about which they have reasonably trustworthy information at the time of the arrest ... [would] warrant a person of reasonable caution in believing the suspect has committed or is committing a crime.' *Commonwealth v. Bartlett,* 486 Pa. 396, 400, 406 A.2d 340, 341 (1979); *Commonwealth v. Stokes,* 480 Pa. 38, 389 A.2d 74 (1978); *Commonwealth v. Pytak,* 278 Pa.Superior Ct. 476, 420 A.2d 640 (1980).

*Commonwealth v. Rutigliano,* 310 Pa.Super. 364, 456 A.2d 654 (1983).

■ When we consider on appellate review whether there is a sound basis for the findings of the suppression court in light of these prevailing principles, we must determine whether the record provides support for not only the factual findings but also the legitimacy of the inferences and legal conclusions drawn from such findings. We consider, of course, only the evidence of the Commonwealth witnesses and so much of the evidence of the defense as, fairly read in context of the record as a whole, remains uncontradicted. *Commonwealth v. Kichline,* 468 Pa. 265, 361 A.2d 282 (1976); *Commonwealth v. Crissy,* 304 Pa.Super. 38, 450 A.2d 89 (1982).

■ We have conducted such a review of the record and conclude that the court properly found that there was probable cause to arrest appellant without a warrant. The record reflects that when the police, nine days after the rape, responded to a summons to "check for a prowler", the prowler was described as "about five [foot] eight [inches] or so ... about two hundred pounds ... wearing long fatigue pants [without] any shirt on at all and [with] dark shoes on...." The arresting officer observed just such an individual in the immediate vicinity within but a few minutes and promptly brought him to the victim who exclaimed: "That's the guy that was in the yard ... [t]hat's the guy that raped me." There is no merit to the claim that the arrest was invalid for lack of probable cause. As a result, counsel cannot be deemed to have been ineffective for failing to so contend in post-trial motions.

■ Appellant next claims that counsel was ineffective for withdrawing post-verdict motions prior to sentencing. We conclude, however, that appellant knowingly and intelligently waived his post-verdict rights. The Pennsylvania Supreme Court in *Commonwealth v. Taylor*, 483 Pa. 60, 394 A.2d 538 (1978), summarized the principles pertinent to a determination of the effectiveness of a waiver of the right to appeal by withdrawal of previously filed post-verdict motions:

> A person has the right to a direct appeal, but may waive this right. *Commonwealth v. Maloy*, 438 Pa. 261, 264 A.2d 697 (1970). The waiver of the right to appeal may be made by withdrawing post-verdict motions. *Commonwealth v. Wiliiams*, 459 Pa. 589, 330 A.2d 854 (1975). 'However, in order to be effective as a waiver, the withdrawal of post-verdict motions must have been made with a full knowiedge and understanding of its consequential effect on the appellant's right to appeal.' *Commonwealth v. Williams, supra*, 459 Pa. at 591, 330 A.2d at 855. To that end '... the accused must be advised that a failure to raise an issue in post-verdict motions precludes raising that issue on appeal.' *Commonwealth v. Tate*,

473 Pa. 478, 480, 375 A.2d 341, 342 (1977). 'Because [post-verdict] motions are a critical step in the post-conviction review process, we will scrutinize closely any waiver of the [appeal rights such motions preserve] in order to insure the appellant has acted voluntarily and with a full understanding of his rights.' *Commonwealth v. Coleman*, 458 Pa. 324, 325–26, 327 A.2d 77 (1974).

*Id.* 483 Pa. at 62, 394 A.2d at 539. It is thus imperative that we determine whether appellant was advised that "a failure to raise an issue in post-verdict motions precludes raising that issue on appeal." *Id.*

The record here reflects that the trial judge, upon finding appellant guilty, advised him:

Mr. Lewis, your attorney has ten days to file, on your behalf, motions for new trial and motions in arrest of judgment. Those motions must be in writing and they are limited to the issues raised at this level as well as any issues that may have been raised at the pre-trial proceeding held before this court or any other pre-trial proceeding.

Mr. Lewis, we are now at the post-verdict level of this case, which means that a decision has been entered. The reasons advocating whether you are entitled to a new trial must be in writing, as I've indicated, and they must be raised at this level because if they are not, they will not be preserved should an appeal be filed.

The record further indicates that the trial judge provided for the continued representation of appellant at the post-verdict level by trial counsel and that post-verdict motions for a new trial and in arrest of judgment were timely filed alleging that the verdict was contrary to the evidence and to the weight of the evidence. At the post-trial hearing, counsel for appellant advised the court that he instructed appellant "at great length" that the withdrawal of post-verdict motions would effectively preclude the taking of an appeal. The hearing court thereupon engaged in an extensive colloquy with appellant and advised him that: (1) the attorney for appellant was withdrawing post-verdict mo-

tions; (2) appellant had an absolute right to have counsel argue such motions; (3) if the motions were not argued the right to appeal on those issues would be lost; and (4) if post-verdict motions were withdrawn, the only issue that would remain before the court would be with respect to sentencing. After each of those admonitions, appellant indicated that he understood the hearing judge. Our study of the record convinces us that the hearing judge adequately advised appellant of the adverse effects of the withdrawal of post-verdict motions. Therefore, we hold that appellant knowingly and intelligently waived the right to appeal by withdrawing such motions and that counsel cannot thus be found ineffective for allowing such withdrawal.

While we need not, in view of this holding, address the assertions set forth in pre-trial motions of appellant, we have, of course, undertaken a quite thorough study of the entire record so as to enable careful consideration of the assertions of appellant. It seems appropriate to observe that this study of the instant appeal does not disclose any merit to the claims that the verdict was contrary to the evidence or that the verdict was contrary to the weight of the evidence.

Judgment of sentence affirmed.