**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORMAN EARL GREGORY, | |
| Appellant | No. 65 WDA 2018 |

Appeal from the Order Entered December 5, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0007930-1982
CP-02-CR-0007997-1982

BEFORE:  BENDER, P.J.E., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED  JUNE 12, 2019**

Appellant, Norman Earl Gregory, appeals *pro se* from the trial court's December 5, 2017 order denying his "Motion to Confirm Defendant Is Not Required to Register Under SORNA"[1] (hereinafter "the Motion").  We affirm.

We need not discuss the facts underlying Appellant's prior convictions, nor even delve into the procedural history of this case to any great extent.[2] We only note that in 1983, Appellant pled *nolo contendere* to various offenses,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.42.

[2] For a more detailed procedural history, **see** Trial Court Opinion (TCO), 1/10/19, at 2-4.

including rape, robbery, indecent assault, and burglary. He was sentenced to an aggregate term of 17½ to 50 years' incarceration. Appellant did not file a direct appeal.

Over the ensuing years, Appellant filed several petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, all of which were denied. On November 16, 2017, he filed the Motion, which underlies the present appeal. Therein, Appellant seemingly admitted that SORNA has not been applied to him, but he asked the trial court to rule that he cannot be required to register under SORNA in the future. The court denied the Motion on December 5, 2017.

Appellant filed a timely, *pro se* notice of appeal on December 19, 2017.[3] On March 14, 2018, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within 21 days, informing him that any issue not set forth in the statement would be deemed waived. **See** Trial Court Order, 3/14/18. Appellant did not comply with that order. Instead, he filed several *pro se* documents seemingly asking the court to permit him to amend the Motion to add claims that the Commonwealth violated Pa.R.Crim.P. 600 by not bringing

---

[3] We recognize that our Supreme Court recently held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018). The Court tempered its holding, however, by making it prospective only. The **Walker** opinion was filed on June 1, 2018; hence, this holding is not applicable in the instant matter, as Appellant filed his notice of appeal on December 19, 2017.

him to trial in a timely fashion, and that he had discovered new, exculpatory evidence that warranted a new trial.

On January 10, 2019, the trial court issued a Rule 1925(a) opinion deeming Appellant's issues waived, but alternatively noting that it had properly denied the Motion because Appellant, who has not yet been informed that he must report under SORNA, was "asking the trial court to enter an advisory opinion in this matter, which is not proper." TCO at 4 (citation omitted).

Appellant has now filed a brief with this Court that is wholly incomprehensible. For instance, Appellant's entire argument section consists of the following (which we reproduce *verbatim*):

> I. Did the lower Court err in failing to observe appointed counsel S. Swan, Esq., to PCRA matters failed to investigate "After - Discovered Exculpatory Evidence" of (Exhibit A), under March 14, 2018 in ORDERED Court Rule 1925(b) and sec. (2);
>
> In the exception to the rule of repetitive or serial circumstances, avoiding a demonstrated miscarriage of justice in the surviving scope of (Exhibit A), "After-Discovered Exculpatory Evidence" hereby requests "Liberal Construction," governing effectuate violated due process rights, demonstrating simultaneous actions throughout said Rule 1925(b)(2), id. Williams, McCord, is free from legal error.
>
> Observing a particularity of id. Lawson, Brady, by exhibited "Breakdown," under government (Exhibit A) obstruction, is in denied §9545 et al., is the "exception to the one-year limitation' by such omission unknown to the incompetent petitioner, that could not have been ascertained by the exercise of due diligences. id. Beasley, supra.
>
> The consolidation of unfair government controlled (Exhibit A) obstruction, resulting from the "breakdown" of Rule 1925(b)(2), filing April 5, 2018 "amended" Rule 600(C)(3)(a)

demanding, id. Commonwealth v. Nelson, 414 A.2d 998-001 (Pa. Supreme Ct. 1980); Commonwealth v. Clair, 458 Pa. 326 A.2d 272 (Pa. Supreme Ct. 1974), quoting...

"We nevertheless, will not permit the waiver, so basic to our concepts of justice that a trial of a (Exhibit A, incompetent) person was no (non-jury) trial at all." id. Nelson, Lawson, Brady, supra.

Demonstrating a pre-trial absence of motions contributed to government obstruction, § 9545 et al., systematically support a mixed exculpatory circumstances in breakdown of (Exhibits A, B & C; notes 1-3), id. Nelson, Clair, under concept of adversary concurrently Ordered Rule 1925(b), shows government failure to expedite totality of the uncounseled appellant's April 5, 2018, filed amendment under section (2), remain unconcurrent with acknowledged filing or adjudication.

However, in the gravity of government above totality in demonstrated all uncounseled breakdown supporting adversarial circumstances, under breach of ordered controlling Rule 1925(b), appellant hereby request "liberal construction" in respect of uncounseled specificity of amended filed Rule 600 et al., that may be entertained for any repetitive or serial matters, supporting "After-Discovered Exculpatory Evidence," in a breakdown of a miscarriage of Justice, which no civilized society can tolerate.

Conclusion For Relief Sought

For all the foregoing exculpatory (Exhibits A, B & C) reasons, supporting an egregious "adversary breakdown" in lack of full Rule 1925(b)(2) disclosure, the appellant hereby move the above violations of id. Lawson, Brady under amended comment section of Rule 600(C)(3)(a),3 Rule(s) 621(A) and 622(A), dictate reversed sentence and conviction ordered back to lower court's hearing for updated Nelson, Clair, discharge relief from the system with prejudice.

Appellant's Brief at 4-5.

Not only has Appellant waived any/all claims by not filing a Rule 1925(b) statement, *see* Pa.R.A.P. 1925(b)(4)(vii), but he has also waived his issues because we cannot discern what claims he is raising herein, let alone offer him

any meaningful review thereof. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Nevertheless, we would discern no error in the court's decision to deny the Motion. Appellant does not claim that the state police have informed him that he must comply with SORNA registration requirements; until that occurs, Appellant cannot challenge the legality of SORNA's application.[4] Moreover, if Appellant is attempting to argue issues that he raised in *pro se* documents filed *after* the court denied the Motion and he filed a notice of appeal, the court

---

[4] We disagree with the Commonwealth that the Motion constituted an untimely PCRA petition. Appellant's request that SORNA not be applied to him in the future does not fall under any of the categories of cognizable post-conviction claims set forth in 42 Pa.C.S. § 9543(a)(2). Moreover, our Supreme Court has declared that "[t]he boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute…." **Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007). The purpose of the PCRA is to "provide[] for an action by which persons convicted of crimes they did not commit and persons **serving** illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542 (emphasis added). In the Motion filed by Appellant, he did not seek relief from an illegal sentence he is currently serving; instead, he sought protection from the imposition of an ostensibly illegal sentence in the future. Such a claim is not cognizable under the PCRA. However, the court properly denied Appellant relief, for the reasons stated *supra*.

was without jurisdiction to address any such claims, and they are not properly before us now.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/2019